# McBride's Estate.

*Contract—Option—Time of essence of contract—Parol waiver— Sale of coal—Tender of purchase money—Extension of time— Findings of fact—Specific performance—Laches—Estoppel.*

1. Where by an agreement in writing an owner of coal land sells it to another, and stipulates in the agreement that if the latter "elects to purchase the coal" he shall give written notice thereof within three months from the date of the agreement, and within sixty days after such election pay one-half the purchase money in cash upon delivery of the deed, and the remainder in a manner specified in the agreement, and that upon such payment within sixty days, the owner shall convey the property to the purchaser in fee, and it is further provided that the optionee shall, at his own

cost, have a survey made and furnish a plan for the description in the deed, "before conveyance of the coal shall be required," and that time shall be "of the essence of the contract," and that the obligation shall be void, and all the rights of the optionee shall cease and determine without further notice, if the optionee shall fail to perform any of the covenants, the optionee cannot, after giving the three months' notice, but without performing any of his other covenants, demand specific performance of the agreement, four years after the date of the agreement, and one year after the death of the original owner.

2. Such a contract being merely an option for the purchase of the coal did not become an absolute agreement of sale until notice of the acceptance was given and the other stated conditions complied with. In the meantime the writing was merely a unilateral agreement containing the terms and conditions upon which the owner agreed to sell the property, and not until that privilege was exercised, in accordance with its terms, did it become an absolute contract of sale binding upon both parties. The burden was on the optionee to perform his covenants, and he was not relieved from this burden by the mere fact that the optionor remained passive and made no tender of the deed.

3. In such case, where the optionee claims, as an excuse for his delay, a parol extension of time given to him by the optionor, a finding of the court below based upon sufficient evidence, that no such extension was given, is conclusive against him; and especially is this so, where the time of the extension, even if an extension was agreed upon, was uncertain, and specified no definite time for performance.

McHenry v. Mitchell, 219 Pa. 297, distinguished.

Argued March 15, 1920. Appeal, No. 15, Oct. T., 1920, by William M. Craig, from decree of O. C. Allegheny Co., Dec. T., 1917, No. 253, dismissing petition for specific performance in estate of Samuel McBride. Before Brown, C. J., Stewart, Moschzisker, Frazer, Walling, Simpson and Kephart, JJ. Affirmed.

Petition for specific performance. Before Trimble, J.

The opinion of the Supreme Court states the facts.

The orphans' court entered a decree dismissing the petition. Wm. M. Craig, petitioner, appealed.

*Error assigned* was (10) decree dismissing petition.

*Charles W. Jones,* for appellant.—Upon acceptance by Craig of this option agreement, within the stipulated time, the option, up to that time a unilateral agreement, became mutually binding on the part of McBride to sell and of Craig to buy, the coal lands therein described.

It ceased to be an option, and became an absolute agreement of sale: Penna. Mining Co. v. Smith, 210 Pa. 49.

In Burchfield v. Alpha Process Co., 45 Pa. Superior Ct. 254, the court held that, in such circumstances, neither party can rescind until full notice to the other party and a reasonable time for performance given: Vankirk v. Patterson, 201 Pa. 90.

The right to insist upon time as of the essence of the contract may be waived as effectively by implication as by express contract: Barnes v. Rea, 219 Pa. 279; Welsh v. Dick, 236 Pa. 155.

*John C. Bane,* with him *John McB. Donaldson,* for appellee.—The payment of the purchase money within the time stipulated in the agreement was a condition on which Craig's right to exercise the option depended: Barnes v. Rea, 219 Pa. 279.

OPINION BY MR. JUSTICE FRAZER, May 3, 1920:

Appellant appeals from a decree of the Orphans' Court of Allegheny County dismissing a petition for specific performance of a contract for the sale of coal property.

On September 18, 1913, Samuel McBride, since deceased, entered into a contract in writing with William M. Craig, whereby, in consideration of the sum of $1, he agreed to sell and convey to Craig all the coal in the upper Pittsburgh vein underlying 231.6 acres of land in Finley Township, Allegheny County. That the agree-

ment was intended merely as a three months' option given for the nominal consideration mentioned is clearly shown by the subsequent provision that in case the optionee "elects to purchase said coal he will manifest such purpose by written notice thereof which shall be delivered to the party of the first part upon said premises on or before December 18, 1913." In the event the optionee elected to take the property, he agreed, "within sixty days after said election, [to] pay or cause to be paid unto the said party of the first part" the sum of $205 per acre, "one-half thereof in cash upon delivery of deed" and the remainder in the manner specified in the agreement, whereupon the optionor should, "upon payment of the purchase money for said coal,...... within sixty days after the written election of the said party of the second part," convey the property to the latter in fee. The agreement contained the further provision that "time is of the essense of the contract" and if the optionee failed to perform any of its covenants or provisions "then this obligation shall be void, and all rights of the party of the second part hereunder shall thereupon cease and determine without other or further notice than is contained in this agreement." The contract finally provided that the optionee should, at his own cost, have the property surveyed "and furnish a plan thereof, which will enable a description thereof to be made before conveyance of the coal shall be required." Notice of election to exercise the option was given in writing within the specified time. Neither party, however, took further action toward consummating the sale within the ensuing sixty-day period. No deed was tendered by the optionor, nor did the optionee pay or offer to pay any part of the purchase money. McBride died August 25, 1916, and by his will devised the land to his nephew, Nathaniel McBride, whom he appointed executor. Craig then tendered the purchase price of the coal and demanded a deed, and, upon refusal of the executor

to convey, this petition for specific performance was filed.

The contract being merely an option for the purchase of the coal did not become an absolute agreement of sale until notice of acceptance was given and other stated conditions were complied with. Meantime the writing was merely a unilateral agreement containing the terms and conditions upon which the owner agreed to sell the property, and not until that privilege was exercised in accordance with its terms did it become an absolute contract of sale, binding upon both parties: Barnes v. Rea, 219 Pa. 279; Barnes v. Rea (No. 2), 219 Pa. 287. The single condition of the contract the optionee complied with was the duty of serving notice of acceptance. He did not make a tender of the purchase money until more than four years after executing the agreement, notwithstanding the express provision requiring him to do so within sixty days after the election to accept, which, in turn, was to take place within three months from its date. The purchaser was bound to pay, within sixty days after acceptance, a stated sum per acre for the property, one-half "in cash upon delivery of deed" and the remainder to be secured by bond and mortgage, payable within three years. Until such payment was made and secured, or an actual tender made, the optionor was under no duty to convey. His obligation arose only "upon payment of the purchase money" and after the optionee had furnished a plan fixing the lines of the farm and furnishing a proper description of the property. This he was obliged to do "before conveyance of the coal shall be required." These provisions plainly indicate the optionor was not bound to execute and deliver a deed until all conditions had been fully complied with by the purchaser.

McHenry v. Mitchell, 219 Pa. 297, relied upon by appellant, while similar in many respects to the present case on its facts, has certain points of distinction. The agreement there required notice and the payment of

a specified price per acre "on or before three months from date hereof upon presentation and delivery of a good and sufficient deed," followed by a provision that, if payment be not made as stipulated, the agreement should be null and void. A notice was given as required, but the purchase price was not paid within the time specified. The court held the presentation and delivery of the deed must be made before payment could be demanded and before the optionor was authorized to declare a forfeiture for failure to make payment within the time specified. It was stated, however, (page 302), that "a different question would be presented if the forfeiture clause required payment on a day certain, without reference to the presentation and delivery of a deed; in which event payment must be made within the time, whether the deed be delivered or not."

A consideration of the various material clauses in the agreement in the present case shows the parties contemplated either the payment or tender of the purchase money within the time stated and, accordingly, the burden of fulfilling this requirement rested upon the purchaser; nor was he relieved from this burden by the mere fact that the optionor remained passive and made no tender of the deed. This view is supported by the clause making time of the essence of the contract and providing that, if the optionee should fail to keep any of the provisions or covenants required to be performed by him, the agreement should be void and all his rights thereunder cease without further notice, and also the final clause requiring the optionee to furnish a plan containing a description of the property before conveyance should be required. This clause last referred to indicates the optionor was not bound to move or take action on his part until that provision had been carried out. It being conceded that the conditions of the option were not fulfilled on the part of the optionee, the final clause to the effect that the agreement should in that event become void and all rights of the optionee cease

without further notice, became operative unless there are other features of the case requiring a different construction or which may serve to estop the executor from setting up the delay as a defense.

To excuse his delay of four years in tendering the purchase money, the optionee relies upon a parol waiver of the conditions in the contract with reference to the time of performance. The petition alleges that, within the required time after the notice of election to purchase had been given, "petitioner notified the said Samuel McBride that he was ready and willing to pay him the consideration money or price fixed in said agreement for said coal in the manner prescribed by the said agreement, and demanded a deed for said coal and mining rights. At the desire and request of the said Samuel McBride a time for delivery of said deed and the payment of the purchase money was extended until such time as your petitioner had secured a purchaser for said coal and an adjoining piece or pieces of coal." In answer to the foregoing it is sufficient to say the court below found the evidence failed to establish the allegation.

In addition to this finding we may add that the time of extension, if any were in fact agreed upon, was uncertain and left no definite period for performance. The evidence offered for the purpose of showing extension of time of completion is equally uncertain. Nowhere does it appear whether it was for a month, a year or a longer time. Inasmuch as plaintiff sought to excuse his delay by setting up a parol waiver of a material provision of the contract, it was incumbent upon him to at least furnish definite proof of something actually agreed upon. This he failed to do.

The judgment of the court below is affirmed.