# Cardon's Estate.

*Principal and agent—Power of attorney — Discretion — Sale of land—Lease—Grant of option—Definition of option—Specific performance—Death of optioner—Words and phrases—Jurisdiction of orphans' court—Parties—Widow—Heirs—Executor—Act of June 7, 1917, P. L. 447.*

1. A power of attorney to sell land is to be strictly construed and its authority is not to be extended beyond that given in terms or that which is necessary and proper for carrying the authority into effect.

2. Authority may be conferred upon the agent broad enough to include other acts than mere sale, in which case the agent's power to bind the principal will be as broad as the authority.

3. An agent to sell land has by implication authority to perform all acts necessary to effect a binding sale, for the rule of strict construction will not be allowed to defeat the very purpose of the agency.

4. Where the agent has authority to exercise discretion his exercise thereof will bind the principal.

5. Where the agent has power "to sell, lease, rent or dispose of real estate in any manner whatsoever......on such terms as to him seem meet and proper," he may make a lease with an option to purchase.

6. An option is an unaccepted offer to sell and convey within the time fixed and on the conditions set forth in the written agreement.

7. An option is a unilateral agreement, binding upon the optioner from the date of its execution, but does not become a contract inter partes in the sense of an absolute contract to convey on the one side and to purchase on the other until exercised by the optionee.

8. Where an option clause in a lease of real estate provides that the lessor may offer the property for sale during the term of the lease with ninety days' notice to the lessee, who may within such period accept the option or purchase the property at the price fixed by a bona fide purchaser, if such offer is for a less sum than a sum stated, such option may be exercised by the optionee after the death

of the lessor, and the orphans' court has jurisdiction under the Act of June 17, 1917, P. L. 447, specifically to enforce the contract after the option is declared.

9. On a petition in the orphans' court for specific performance of a contract for sale of land, the executor in his representative capacity is not a necessary party to the proceeding.

10. If, in such proceeding, it appears the executor was a son and devisee of the testator, and was personally in court, it is immaterial that no notice was served upon him in his representative capacity.

11. An executor in a proceeding for specific performance has no interest in the matter until a decree is entered. He must then make the deed and receive the purchase money.

12. Where an option to purchase real estate in a lease is exercised after the lessor is dead, a decree for specific performance will not be avoided because the widow did not join in the lease, and this is especially so where it appears that the widow had not elected to take against her husband's will, and that the two-year period for so doing had expired.

13. If, in such case, the widow has any claim on any account, she can assert it thereafter in appropriate proceedings.

Argued May 15, 1923. Appeal, No. 58, Jan. T., 1924, by J. Lewis Cardon, executor, from decree of O. C. Clearfield Co., Sept. T., 1922, No. 8288, awarding specific performance, in estate of Fred M. Cardon. Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition for specific performance of contract for sale of real estate. Before BELL, P. J.

The opinion of the Supreme Court states the facts.

Decree for petitioner. J. Lewis Cardon, executor, appealed.

*Error assigned,* inter alia, was decree, quoting it.

*A. M. Liveright,* for appellant.—A general authority to sell real estate does not include authority to give an option on the property: Hickok v. Still, 36 W. N. C. 329; Swift v. Edwin, 104 Ark. 459.

An option to purchase real estate, exercised more than two years after the death of the optioner is not a contract enforceable under section 18 of the Fiduciaries Act of 1917, the optioner having reserved the right to make a sale during the option period, which had not expired when the option was exercised: Brady's App., 66 Pa. 277; Elbert v. O'Neil, 102 Pa. 302; Van Horn v. Munnell, 145 Pa. 497; Baldridge v. George, 216 Pa. 231; Brown v. Hughes, 244 Pa. 397; O'Connell v. Cease, 267 Pa. 288.

The court's decree cannot stand against an executor not before it in his representative capacity: Fineman v. Cutler, 273 Pa. 189.

If the decree were otherwise unobjectionable, the court should have saved the rights of the surviving spouse, who had not joined in the letter of attorney: Borland v. Nichols, 12 Pa. 38.

*W. C. Miller*, with him *H. B. Hartswick, Walter Welch* and *Charles Sumner Wesley*, for appellee.—The agent had power to grant the option: Peck v. Harriott, 6 S. & R. 146; Williams v. Getty, 31 Pa. 461; Powell v. B. & L. Assn., 252 Pa. 587.

The orphans' court had jurisdiction: Barnes v. Rea, 219 Pa. 279; McBride's Est., 267 Pa. 250; Manzer v. Wycoff, 78 Pa. Superior Ct. 560.

The executor in his representative capacity was not a necessary party to this proceeding: Manzer v. Wycoff, 78 Pa. Superior Ct. 560; Gable v. Whiteside, 242 Pa. 188.

Proof of the contract in the orphans' court and a deed made by the executor in pursuance of an order of said court directing specific performance of the contract would not convey any interest which the widow in fact has therein, nor would it bar her from asserting any right or title she has therein: Riddlesberger v. Mentzer, 7 Watts 141; Thomas v. Harris, 43 Pa. 231, 238; Reisz's App., 73 Pa. 485, 490; Hoover v. Landis, 76 Pa. 354.

The widow had no interest: Cunningham's Est., 137 Pa. 621; Powell's Est., 225 Pa. 518, 523; Levengood's Est., 38 Pa. Superior Ct. 491, 500; Dermond's Est., 55 Pa. Superior Ct. 453.

OPINION BY MR. JUSTICE SCHAFFER, June 23, 1923:

Appellee, J. G. McCrory Company, filed its petition in the orphans' court, under section 18 of the Fiduciaries Act of June 7, 1917, P. L. 447, 486, for the specific performance of a contract to sell real estate made by Fred M. Cardon, acting through his attorney-in-fact, C. F. Cardon, with the petitioner. Fred M. Cardon had died prior to the presentation of the petition. The contract of option set up is contained in a lease made by the attorney-in-fact to petitioner, for a term of fifteen years, under which it was provided, "In consideration of the rentals herein reserved, the lessor hereby grants an option to the lessee to purchase the above-described property at any time during the first five-year term at $35,000," with other provisions not necessary here to be set forth. The option was not exercised by the lessee until two years after the death of the lessor; during his lifetime he had not repudiated the option nor did his devisees attempt to recall it until after notice received from the lessee that it was to be exercised.

In our view, the controversy turns on the provisions of the power of attorney, which is to be strictly construed, and its authority not extended beyond that given in terms or that which is necessary and proper for carrying the authority into effect: Campbell v. Foster Home Assn., 163 Pa. 609, 632. "Authority may, however, be conferred upon the agent broad enough to include other acts than mere sale, in which case of course the agent's power to bind his principal will be as broad as the authority. An agent to sell land has, however, by implication authority to perform all acts necessary to effect a binding sale, for the rule of strict construction will not be allowed to defeat the very purpose of the agency.

Where the agent has authority to exercise discretion his exercise thereof will bind the principal": 31 Cyc. 1364.

Appellant contends that, although the power of attorney gives an undoubted authority to sell real estate, it does not include authority to give an option. We think this is entirely too narrow a construction of that paper, which provides that the attorney-in-fact shall have power "to sell......lease, rent, or dispose of any real estate of which I am now seized or possessed in fee simple, or for any less estate to any person or persons, for any price *and in any manner whatsoever* and for these purposes to execute and acknowledge any deed or deeds, lease or leases......and for such purposes, to make and execute in my name all such contract or contracts, or other instruments whatsoever which he may deem meet or desirable,......to make leases for the same *on such terms......as to him may seem meet and proper* .....and generally to....execute....all contracts..... requisite or proper to effectuate any of the premises, with the same powers and to all intents and purposes with the same validity as I could if personally present, hereby ratifying and confirming whatsoever my said attorney shall and may do by virtue hereof." This instrument gave the attorney a wide latitude in dealing with his principal's property. He could sell it "in any manner whatsoever" and an option is certainly a manner of sale and a very ordinary and usual method. To effectuate this purpose of sale, the attorney was authorized to execute and acknowledge such deeds or leases "as he might deem expedient," to excute such contracts as "he may deem meet or desirable" and to make leases on such terms "as to him may seem meet and proper." These are very broad powers for the disposition of the principal's real estate, possibly as broad as they could be made without particular characterization, and in carrying them out the attorney was authorized "to......execute all contracts......requisite or proper to effectuate......the premises, with the

same powers and......the same validity as I could if personally present" and what he did was in the letter of attorney ratified and confirmed. The lease made in pursuance of this power of attorney was on terms which the agent deemed meet and proper. It recites that the option was given "in consideration of the rentals herein reserved." It is a fair inference that if it had not been for the option, the rentals would not have been so large or so advantageous. We think that as to the transaction of leasing the property and granting the option, the attorney was well within the authority conferred upon him and in giving the option validity the authority is not being extended beyond what is given in terms. The kind of contract, lease or other agreement which the agent might make was left entirely to his judgment. His judgment was substituted for that of his principal. If the principal had signed the lease himself, he could not have done it with more power than he had conferred upon his attorney and had he, after signing it, died, it would not lie in the mouth of his widow and children, to whom he devised his estate, to deny the lessee's right to exercise the option; no more can they do it under the power vested in the attorney. "An option is an unaccepted offer to sell and convey within the time fixed and upon the conditions set forth in the written agreement...... [It] is a unilateral agreement, binding upon the optioner from the date of its execution, but does not become a contract inter partes in the sense of an absolute contract to convey on the one side and to purchase on the other until exercised by the optionee": Barnes v. Rea, 219 Pa. 279, 284, 285; McBride's Est., 267 Pa. 250.

The option clause in the lease provided that the lessor had the right to offer the property for sale within the five-year period, first giving the lessee ninety days' notice in writing, during which period the lessee had the privilege of accepting the option or of purchasing the property at the price offered by a bona fide purchaser if that offer was for $35,000 or a less sum. It is contended by the

appellant, the petitioner having reserved this right to make sale during the option period, that section 18 of the Fiduciaries Act of 1917 does not apply, that it relates to contracts that were accomplished at the date of the death of the decedent, not to writings that subsequent to the death of the testator might possibly eventuate into a contract. We think under the terms of the option there was undoubted jurisdiction in the orphans' court under the act in question. The contract of lease was an executed contract, under which possession had been taken by the lessee, and furthermore the right of the optioner to sell during the five-year period was not in derogation of the optionee's rights under the lease, because even though the optioner did reserve the right to endeavor to procure another purchaser, the rights of the optionee as reserved in the lease were not affected, he could either buy at the $35,000 figure or at a less sum if the offer received by the optioner was less. The optioner never could get more for the property than $35,000.

The power of the orphans' court to decree specific performance under a contract of option was sustained in Gable v. Whiteside, 242 Pa. 188, 193, where we said: "The contention that the contract was not completed because the option was not accepted until after the death of George A. Whiteside, and that, therefore, the orphans' court does not have jurisdiction, is without merit." That case was decided under the Act of April 28, 1899, P. L. 157, which is reënacted in section 18 of the Fiduciaries Act except that there is a clause added to the latter act giving the orphans' court exclusive jurisdiction. McBride's Est., 267 Pa. 250, is another case where the option was not accepted until after the death of the optioner and the proceeding was in the orphans' court for specific performance. While the court refused specific performance in that case on other grounds, no question was raised that the orphans' court did not have jurisdiction to enforce specific performance of such a contract.

Some point is made of the fact that the executor of the decedent was not before the court in his representative capacity. He was personally before the court, as he was a son of the decedent, and one of the devisees under his will. He made answer to the petition and takes this appeal as executor. We think there is no merit in this contention. The executor in his representative capacity was not a necessary party to the proceeding. The Fiduciaries Act, provides, section 18, for the presentation of a petition to the orphans' court and for notice to the persons interested. The persons interested in the real estate in question were the children and widow of the decedent, and it was to them in the very terms of the act that notice to appear and answer was given, and they did answer. In his representative capacity, the executor has no interest in the real estate at all. By clause (d) of section 18, it is only after specific performance is decreed that the executor has any interest in the matter. The purchase money must then be paid to him and he must make the deed for the purpose of conveying the legal title. The executor is not a party in interest and no notice to him in his representative capacity was necessary.

Another circumstance brought forward to avoid the decree is that the widow did not join in the power of attorney. It would be sufficient answer to say that, as she did not and is not required to join in a deed, her rights are in no way affected; but another incident lies across her pathway denying any standing in this proceeding, she has not elected to take against her husband's will and the two years provided for the exercise of her right to take under the will or to reject it have passed. If she has any claim on any account, she can assert it hereafter in appropriate proceedings, where her rights will be determined; now we are only deciding the question that the appellee is entitled to have specific performance of the contract as it was made and to which she was not a party.

The learned court below correctly disposed of the proceeding by entering a decree of specific performance. The assignments of error are all overruled and the decree is affirmed; costs to be paid out of the estate of the decedent, Fred M. Cardon.