Richter *v.* Mozenter, Appellant, et al.

Argued April 17, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Morris C. Solomon,* for appellants.

*Abraham L. Freedman,* with him *Harry Pressman, Bernard Eskin* and *Wolf, Block, Schorr & Solis-Cohen,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, May 26, 1947:
Milton W. Richter, appellee, filed this bill in equity to compel Hyman B. Mozenter, Bertha G. Mozenter and Paul L. Mozenter to specifically perform an option to purchase real estate. Said option was contained in a lease executed by Paul L. Mozenter, pursuant to a written power of attorney duly executed by Hyman B. Mozenter, appellant. An answer was filed denying the authority of the agent. The court below made absolute appellee's rule for judgment upon bill and answer and entered a decree directing appellant to convey the real estate to appellee. This appeal followed.

Hyman B. Mozenter, appellant, was the owner of 2743 North 47th Street, Philadelphia, where he conducted a grocery and delicatessen business. On January 5, 1942, prior to his induction into military service, he

executed a written power of attorney to Paul L. Mozenter. By the terms thereof, Paul L. Mozenter was authorized "to sell, barter, exchange, or dispose of any real estate or personal property of which I am now seized or possessed, in fee simple or for any less estate, to any person or persons, for any price and in any manner whatsoever, and for these purposes to execute and acknowledge any deed or deeds, lease or leases, or other assurance or assurances with general covenants of warranty against all persons, *or any other covenants whatsoever, as he may deem expedient;* to purchase any real estate on my account, in fee simple or otherwise, at any price or any exchange whatsoever, and for these purposes to receive, confirm, make, and execute any contracts, deeds, conveyances, or other instruments whatsoever . . ." (Italics supplied.) On May 1, 1942, Milton W. Richter, appellee, and Paul L. Mozenter, as attorney for Hyman B. Mozenter, appellant, entered into an agreement of sale whereby appellee purchased the business together with fixtures, equipment and merchandise. Paragraph 6 of this agreement of sale provided that Mozenter would "lease the entire premises, 2743 North 47th Street, Philadelphia, for the term of five years, at an annual rental of Thirteen hundred and Twenty (1320.00) Dollars . . . the said lease to contain an option to RICHTER to purchase the premises . . . within four years from the date of the commencement of the said lease . . ." Contemporaneously therewith, and pursuant to the aforesaid agreement, the parties executed a lease. Paragraph 30 of said lease provided: "It is hereby understood and agreed by and between Lessor and Lessee that the Lessee shall have the option to purchase the said premises 2743 North 47th Street, Philadelphia, for the price or sum of $12,000.00 cash, said option, however, must be exercised by the Lessee in writing, on or before the first day of May, A. D. 1946."

On March 28, 1946, appellee, in writing, exercised his right under the option, tendered the stipulated

amount and requested appellant to convey the premises to him. Upon appellant's refusal to convey, appellee filed this bill in equity.

Appellant contends that: (1) the agent was without authority to execute a lease containing an option to purchase, (2) whether there was consideration to support the option, could not be determined as a matter of law, and (3) the rule for judgment on bill and answer did not conform to the rules of equity practice.

The authority granted to, and powers vested in, the agent by the clear and unequivocal language of the power of attorney, preclude appellant from now asserting that his agent did not have authority to execute the lease containing the option in question. This Court, in *Cardon's Estate*, 278 Pa. 153, 122 A. 234, held that a similar power of attorney authorized the agent to execute a lease containing an option to purchase covenant. What was there said is controlling here (page 158) : "We think that as to the transaction of leasing the property and granting the option, the attorney was well within the authority conferred upon him and in giving the option validity the authority is not being extended beyond what is given in terms. The kind of contract, lease or other agreement which the agent might make was left entirely to his judgment. His judgment was substituted for that of his principal. If the principal had signed the lease himself, he could not have done it with more power than he had conferred upon his attorney . . ."

Appellant's contention that the mere allegation of lack of consideration to support the option agreement prevented the court below from entering judgment against it is without merit. The pleadings and admissions contained therein establish valid and sufficient consideration. The agreement of sale providing for the purchase of fixtures, equipment and merchandise, included a covenant to lease the real estate with an option to purchase. The lease, executed contemporaneously with and pursuant to the terms of the said agreement

of sale, contained the option to purchase. "It is not necessary that the consideration shall have been given exclusively for the option. It is enough if it is one term of a contract for which consideration was given. Thus, an option in a lease or in another instrument given contemporaneously with a lease and as part of the same transaction, may be specifically enforced": 5 Williston, Contracts, page 4026.

If it be assumed that the option to purchase, if alone bargained for, might not have been supported by consideration, that fact could not avail appellant. Certain it is that there was consideration for the lease itself. The option being a term thereof, was binding and enforceable. "Consideration is sufficient for as many promises as are bargained for and given in exchange for it if it would be sufficient . . . (b) for at least one of them, and its insufficiency as consideration for any of the others is due solely to the fact that it is itself a promise for which the return promise would not be a sufficient consideration": Restatement, Contracts, section 83.

Appellant's final contention that the procedure followed by the appellee and adopted by the court below violated Equity Rules 48 and 55, and that appellee should have filed preliminary objections instead of the rule for judgment in order to challenge the sufficiency of the answer cannot be sustained. Where it is contended that a rule of procedure has been violated in the court below, this Court will not determine said issue or reverse unless the opposite party has sustained manifest and palpable injury: *Newman v. Globe Indemnity Co.*, 275 Pa. 374, 119 A. 488. In view of the admissions in the pleadings and the clear inadequacy of the defenses alleged therein, appellant has not suffered manifest and palpable injury.

Decree affirmed, costs to be paid by appellant.