## Pellegrino v. Dorm

334

*Robinson & Hoffner,* for plaintiffs and additional defendant.

*Phillip H. Williams,* for defendant.

WILLIAMS, P. J., October 6, 1972.—This suit arose out of a motor vehicle accident which occurred on May 22, 1968. Plaintiffs filed a complaint on April 8, 1970, which was served April 15, 1970. On March 19, 1971, a rule issued on Angelo Pellegrino, at the request of defendant, requiring him to show cause why he should not be joined as an additional defendant. This rule was not served on Angelo Pellegrino. The sheriff filed a return of "not found." A true and attested copy of the rule was mailed to Angelo Pellegrino at his address, 2 Stafford Road, Colonia, N. J., which was returned "unclaimed." A second show cause rule was obtained on September 8, 1971, which was served, through the Secretary of the Commonwealth, at the same New Jersey address, No. 2 Stafford Road, Colonia, N. J. Angelo Pellegrino objects to his joinder as additional defendant on the grounds that such joinder must take place within 60 days from the service of the complaint as provided in Pennsylvania Rule of Civil Procedure 2253 unless the time is extended by the court on cause shown.

Defendant assigns as causes for his delay: (1) The nonresidence of the coplaintiff in the State of Pennsylvania; (2) that due to the nature and extent of the injuries to the plaintiffs, investigation was not completed until October 1970, when defendant was engaged in court.

## DISCUSSION

Both parties have argued this case as though rule 2253 applies. The joinder of one who is already a party to the action is controlled by rule 2252(d). It has been held that the 60-day time limit provided by rule 2253 does not apply where the party sought to be joined is already a party to the action: Wormick v. Taylor, 46 D. & C. 2d 793; Klowak v. Grimm et al., 5 Butler 159.

If we decide this case on that narrow issue, when defendant joins the coplaintiff as an additional defendant under rule 2252(d), we will likely be met with a preliminary objection asserting the late filing of the answer. This will only serve to further delay the trial and final disposition of this case.

While defendant has waited nine and a-half months to join the coplaintiff, this is not of itself determinative of the issue before us: Zakian v. Liljestrand, 438 Pa. 249, 256.

Here, the coplaintiff Angelo Pellegrino was a non-resident of Pennsylvania. The first attempt to serve a rule to show cause upon him failed. The registered letter containing a true and attested copy of the rule was returned "unclaimed." Later, a second rule to show cause was served at the same address where the attempt to serve the first rule failed. Defense counsel was, in October 1970, district attorney, and his duties were very demanding and left little time during that period for attention to private practice.

Pennsylvania Rule of Civil Procedure 126 provides:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

In *Gagliardi v. Lynn*, 446 Pa. 144 (1971), it was contended that a codefendant in the case waived the statute of limitations defense by not filing his answer containing new matter within the time prescribed by Pa. R. C. P. 1026, 1030, 1045. The defense was not raised until after the jury had been picked on the day scheduled for trial and more than a year after service of the complaint. The lower court permitted the late filing. The Supreme Court affirmed this ruling saying at page 151:

"We have considered this question previously and our position is clear: '. . . a lower court will not be reversed either for waiving or refusing to waive non-compliance with procedural rules in the absence of a showing of an abuse of discretion which has caused manifest and palpable injury to the complaining party: see Richter v. Mozenter, 356 Pa. 650, 654, 53 A. 2d 76.' Templeton Appeal, 399 Pa. 10, 16, 159 A. 2d 725 (1960), quoting from Coppage v. Smith, 381 Pa. 400, 404, 113 A. 2d 247 (1955). This practice comports with Pa. R. C. P. 126 which mandates a liberal construction of the rules in general and the disregarding of any 'error or defect of procedure which does not affect the substantive rights of the parties.' "

To allow the joinder of coplaintiff will not deprive him of any substantive right. On the other hand, to allow a joinder may avoid the filing of a subsequent separate suit by defendant against coplaintiff and thus avoid a multiplicity of suits and save time and expense. It will also avoid the possibility of inconsistent verdicts: *Zakian v. Liljestrand*, supra, p. 258. Moreover, if defense counsel acts promptly in filing an answer and new matter as required by rule 2252(d), there need be no delay in trial beyond our January 1973 trial term, which is the earliest date the case may now be tried.

Under the circumstances here presented, pursuant to the power granted to us by rule 126, we will permit the late joinder of Angelo Pellegrino as an additional defendant.

## ORDER

And now, October 6, 1972, the prayer of the within petition is granted and it is ordered and directed that defendant may, within 20 days from this date, file the necessary pleadings to join Angelo Pellegrino as an additional defendant.