## Decker v. Livengood, Inc.

*Mervine, Brown & Newman,* for plaintiffs.
*Michael J. Wetmore,* for defendant.

WILLIAMS, P. J., October 19, 1972.—Plaintiff filed a complaint in equity on May 15, 1970. Answer to the

complaint was filed July 3, 1970. A hearing date, at request of defendant was fixed for March 26, 1971, at which time counsel appeared and agreed to a continuance until May 27, 1971. On May 17, 1971, on petition of defendant, a rule was granted requiring plaintiffs to show cause why defendant should not be permitted to amend its answer to raise the affirmative defense of the statute of frauds. Plaintiffs object to the allowance of the amendment asserting in their answer that: (1) defendant by failure to assert the defense of the statute of frauds, in its original answer, has waived that defense; (2) to allow the amendment will cause plaintiffs to suffer undue delay and hardship and prejudice defendant if the amendment is allowed at this stage of the proceedings. The matter was orally argued before the court on October 2, 1972, and written briefs have been filed.

The complaint alleges that on April 10, 1969, defendant agreed to sell plaintiffs 180 acres of land situated in Eldred Township, Monroe County; that the parties agreed on a purchase price of $300 per acre; that defendant leased the premises to plaintiffs for one year at a rental of $1,000, which rental sum was eventually to be deducted from the purchase price; that the contract was oral and written. The written portion of the contract appears as exhibit "A" to the complaint. It states:

"April 10, 1969
Mr. Mahlon Livengood agrees to rent to Joe and Ann Decker for $1,000 from April 1, 1969, to April 1, 1970, approximately 180 acres of land. This land is located adjacent to the Kenneth Kleintop farm, and also bordered by the Elmer Gower farm on the west.

"Mr. Livengood agrees that if the Deckers are able to purchase this land with a clear title for an

agreed price, he will apply the $1,000 against the purchase price, if purchased within one year.

| | s/ Mahlon Livengood |
|---|---|
| | Mahlon Livengood |
| Witnesses: | |
| s/ Lynda Kutsher | s/ Joe F. Decker |
| Lynda Kutsher | Joe F. Decker |
| s/ Beverly Steigler | s/ Ann Decker |
| Beverly Steigler | Ann Decker " |

The complaint alleges that following the writing of April 10, 1969, plaintiffs entered into possession of the premises, constructed a road, built fences, installed water lines and water devices and placed about 5,000 tons of turkey manure upon the premises of which about one-half thereof was spread as fertilizer on the premises; that plaintiffs farmed and cultivated the premises during 1969; the plaintiffs have offered to pay the purchase price but defendant has refused to complete its contract. Plaintiffs seek specific performance.

The answer denies that defendant entered into an agreement to sell, either orally or in writing; that its sole agreement with plaintiffs was a lessor-lessee relationship.

In its petition to amend, defendant excuses its failure to raise the defense of the statute of frauds in its original answer by asserting, because it believed no contract existed, that it was unnecessary to plead the alternative defense of the frauds' statute.

## DISCUSSION

The relevant Pennsylvania Rules of Civil Procedure are 1032, 1033 and 126. Rule 1032 provides, inter alia:

"A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply . . ."

Rule 1033 permits a party at any time to amend a pleading by leave of court.

Rule 126 provides:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

Rule 1032 is procedural in nature and rule 126 may properly be applied to the situation before us.

In our opinion, this case is ruled by the decision of our Supreme Court, decided December 20, 1971, in the case of Gagliardi v. Lynn, 446 Pa. 144, 285 A. 2d 109. In that case, defendant did not raise the affirmative defense of the statute of limitations within the time prescribed by the Pennsylvania Rules of Civil Procedure. See Pa. R. C. P. 1026, 1030, 1045. This defense was not raised until after the jury had been picked on the day scheduled for trial and more than a year after service of the complaint. The lower court, however, permitted the late filing. The court said, page 151:

"We have considered this question previously and our position is clear: '. . . a lower court will not be reversed either for waiving or refusing to waive non-compliance with procedural rules in the absence of a showing of an abuse of discretion which has caused manifest and palpable injury to the complaining party: see Richter v. Mozenter, 356 Pa. 650, 654, 53 A. 2d 76.' Templeton Appeal, 399 Pa. 10, 16, 159 A. 2d 725 (1960), quoting from Coppage v. Smith, 381, Pa. 400, 404, 113 A. 2d 247 (1955). This

practice comports with Pa. R. C. P. 126 which mandates a liberal construction of the rules in general and the disregarding of any 'error or defect of procedure which does not affect the substantive rights of the parties.' "

A liberal application of rule 126 requires us to allow the proposed amendment unless to do so would cause manifest and palpable injury to plaintiffs. We find no such injury to plaintiffs if the amendment is allowed.

The averments in the complaint indicate that plaintiffs were aware of the possibility that the defense of the statute of frauds might be raised. This conclusion is supported by the averments in the complaint which allege possession and expenditures and improvements made by plaintiffs in reliance on the contract. Such evidence, if established at trial, may prove to be sufficient to take the alleged parol contract out of the operation of the statute of frauds. See Ridley Park Shopping Center, Inc. v. Sun Ray Drug Co., 407 Pa. 230 (1962). We see no reason for plaintiffs to be surprised that the affirmative defense of the statute of frauds has been raised, however belatedly, because the complaint appears to anticipate the assertion of such a defense.

Moreover, as in Gagliardi, timely assertion of this defense could not have altered plaintiffs' position, since the defense of the statute of frauds was existent from the inception of the suit.

Since no substantive right of plaintiffs will be impaired by allowing the amendment, the mandated liberal construction of rule 126, as well as the ruling in Gagliardi, convinces us we should do so.

## ORDER

And now, October 19, 1972, the petition to amend

is allowed. Defendant is given a period of 20 days in which to file an amended answer pleading the affirmative defense of the statute of frauds.