## CIRCUIT COURT OF ALBEMARLE COUNTY

Lynn-Hall Ward et al.

v.

NationsBank of Virginia, N.A., et al.

April 26, 1996

Case No. CH95-9823

By Judge Paul M. Peatross, Jr.

This case comes before the Court on the Demurrers of NationsBank, Rio Associates Limited Partnership, and Gardens Partnership, L.P. Argument was presented to the Court on April 12, 1996, and the Court took the matter under advisement.

### Summary of Facts

For purposes of these Demurrers, the facts stated in the Bill of Complaint are taken as true.

On March 1, 1965, the Hartmans created a trust for the benefit of their grandchildren, naming Virginia National Bank (now NationsBank and hereinafter referred to as the Bank) as trustee. The trust asset that is the subject of this litigation is a 29.26 acre tract of land situated at the intersection of U.S. Route 29 and State Route 631.

On May 29, 1969, the Bank, acting as Trustee, leased the trust property to Wendell W. Wood. The lease was for a term of twenty-five years and provided for annual rent of $13,500.00 for the first five years and $16,875.00 for the following twenty years. Under the terms of the lease, the lessee was granted the option to purchase the trust property for $750,000.00.

Wendell Wood assigned all of his rights and interest in the lease and option to Rio Associates Limited Partnership in 1974. At the time of assignment, Rio exercised the option which did not call for payment until the end of the twenty-five year lease.

On December 28, 1990, Rio and Garden Partnership, L.P., recorded a Memorandum of Sublease and Purchase Option and Memorandum of Sublease and Purchase Agreement affecting portions of the trust property. On December 22, 1994, Rio granted a first Deed of Trust on the property to Life Insurance Company of Virginia and recorded a financing statement in favor of Life, as well as an assignment of leases. On January 5, 1995, the Bank conveyed the property to Rio for the purchase price of $750,000.00.

Plaintiffs allege that the Bank participated and had knowledge of all transactions and that all respondents had knowledge of the trust and knew or should have known that the Bank had no authority to grant an option on the property.

### Summary of Issues

1. May the power to grant an option be inferred from the general tenor of the trust instrument when no express power to grant an option is given?

2. Under certain circumstances, may a trustee give an option under a power of sale where a sale could not otherwise be advantageously made?

### Discussion of Authority

This is a case of first impression in Virginia. The trust itself clearly does not confer explicit authority to the trustee to grant an option. However, the Trust Agreement does grant extensive powers to the trustee which include the powers to:

Dispose of [Trust] property by sale, exchange, or otherwise as and when it shall deem advisable. [Article VI(a).]

Sell, assign, exchange, transfer and convey or otherwise dispose of . . . [Trust Property] . . . upon such terms and conditions as it, in its absolute discretion, may deem advisable, at either public or private sale, either for cash or deferred payments or other consideration, as it may determine; and for the purpose of selling, assigning, exchanging, transferring or conveying the same, to make, execute, acknowledge and deliver any and all instruments of conveyance, deeds of trust, or assignments in such form and with warranties and covenants as it may deem expedient and proper . . . . [Article VI(b).]

Lease any or all of the real estate, which may be included in or at any time become a part of the trust estate, upon such terms and conditions as said Trustee, in its sole judgment and discretion, may deem advisable, and any lease or leases made by it

may extend beyond the term of this trust and, for the purpose of leasing said real estate, to make, execute, acknowledge, and deliver any and all instruments, in such form and with such covenants and warranties as it may deem expedient and proper. [Article VI(d).]

Do all other acts and things not inconsistent with the provisions of this instrument which it may deem necessary or desirable for the proper management of the trusts herein created, in the same manner and to the same extent as an individual might or could do with respect to his own property. [Article VI(m).]

The breadth of the powers granted the trustee could be seen as envisioning any form of conveyance whatsoever. On the other hand, the absence of language specifically granting authority to give an option, in the midst of many specific grants of authority, could be seen as contemplating and rejecting the power to give an option.

The respondents acknowledge that there is no case on point in Virginia. They rely on the case of *Dasher v. Dasher*, 209 Va. 167 (1968). In that case, the Supreme Court, citing a Vermont case, noted: "No particular form of words is necessary in an instrument creating a trust to create a power of sale, and no technical, direct, precise, or express words are necessary." *Id.* at 169. Thus, they argue that the power to grant an option may be inferred from the broad language of the trust instrument noted above. However, the implication of a power to grant an option involves much more discretion in the determination of a purchase price as in this case before the sale actually occurs under the option.

Respondents also assert that where the language of the trust instrument is sufficiently broad, the trustee's powers will be deemed to include a power to give an option to purchase trust property, citing *In re Cardon's Estate*, 122 A. 234, 235 (Pa. 1923). However, this is the only case that supports such a notion, and even it can be distinguished in that it only addresses the powers of an attorney-in-fact.

The *Restatement of Trusts, Second*, § 190, Comment k (1959), states the common law rule:

Where by the terms of the trust, a power of sale is conferred upon the trustee, it is ordinarily not proper for the trustee to give an option to purchase the property, whether the purchase price is fixed at the time of the giving of the option or it is to be fixed by appraisal at the time of the exercise of the option. The reason is

that when a power of sale is conferred, it is usually contemplated that the trustee exercise discretion at the time of sale and not at some prior time. Under some circumstances, however, it may be proper for the trustee to give such an option, as where it is prudent to do so and the sale could not otherwise be advantageously made.

If a trustee has power to sell and lease trust property, he may make a lease and give an option to purchase where the property could not otherwise be advantageously leased or sold. Thus, he may under such circumstances make a lease with an agreement that the lessee shall make improvements on the property and shall have an option to purchase the property on the termination of the lease.

Such is the law in the jurisdictions that have had occasion to speak on this subject, with a few minor variations. Delaware has commented on the matter:

In other words, if the choice is between a practical inability to dispose of the trust property and the giving of an option to buy it, which may result in a sale at an advantageous price, the courts will often construe the language of the power somewhat liberally. Logically, it would seem that economic advantages to the trust estate, such as agreements to improve the property, would merely affect the reasonableness of the terms of the option contract and not the trustee's actual powers under the trust instrument. Few, if any, of the cases, however, make that distinction clear. [Citations omitted.]

*Equitable Trust Co. v. Delaware Trust Co.*, 54 A.2d 735, 737 (Del. 1947).

Respondents argue that Va. Code § 64.1-57(b1), added in 1976, enables a testator to include a power to grant options of any kind with respect to trust property simply by referring to the statute in the trust instrument. This argument fails in that no statute was incorporated into the trust instrument, and, even if one had been, this statute was not in existence at the time of creation of the trust.

Finally, respondents cite *Northwestern Ice & Cold Storage Co. v. E. Henry Wemme Endowment Fund*, 80 P.2d 881, 886 (Or. 1938), for the theory that where circumstances demonstrate that it would be grossly inequitable to deprive a purchaser of the right to acquire trust property

pursuant to an option he has received from the trustee, the option has been upheld.

## Conclusion

This case cannot be decided on demurrer. The Court cannot imply or infer from the language of the trust instrument the power of the trustee to grant the option in question. Furthermore, the common law rule states that a power of sale does not authorize the trustee to give an option absent circumstances dictating that it is prudent to do so in order to make a sale advantageously. No unusual circumstances are before the Court at this time, and evidence will be required in order to so find. Finally, Plaintiffs have alleged "[t]hat respondent was negligent in failing to observe reasonable standards for a prudent fiduciary." Bill of Complaint, Paragraph 30. In support of these claims, they note that the assessed value of the property was $9 million at the time it was sold for $750,000.00.

Accordingly, the Demurrers of the respondents are overruled.