Marnell *v.* Cross, Appellant.

Argued October 7, 1952.   Before STERN, STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*T. P. Dunn,* for appellant.

*John M. Wolford,* for appellee.

Opinion by Mr. Justice Musmanno, December 6, 1952:

On April 15, 1950, Michael Marnell, while a passenger in a car owned and driven by Frank Marnell, was injured when this car came into collision with an automobile owned and driven by Curtis D. Cross. Michael Marnell died of his injuries on August 13, 1950.

On May 7, 1951, Josephine Marnell, as administratrix of the Estate of Michael Marnell, brought suit against Curtis D. Cross. On March 18, 1952, Curtis D. Cross, after the statute of limitations had run on a wrongful death action against Frank Marnell, filed a petition in court (with the consent of the plaintiff) asking for an extension of time within which to file a praecipe joining Frank Marnell as additional defendant. This petition was filed under Rule 2253 of the Pennsylvania Rules of Civil Procedure which provides: "No praecipe for a writ to join an additional defendant shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

The "cause" advanced by the defendant was ". . . that because both parties (plaintiff and defendant) lived out of Erie they would find out more about this case, explore the possibilities of settlement and that neither party would be prejudiced by delays in pleadings otherwise required by the rules."

The Court below granted the extension and on March 20, 1952, the defendant filed his praecipe to join the additional defendant. He also filed on the same day the necessary complaint.

Whether or not there was good cause shown for the granting of the extension of time was a matter within the discretion of the court below. In *Moore v. Moore Dis-*

*tilling Co.*, 234 Pa. 413, this Court said: "The allowance or refusal to allow an extension of time in which to plead or answer, is a matter within the discretion of the court in which the proceeding is pending. It is a power indispensable to the proper conduct of the business of the court, and nothing short of gross abuse would warrant a reversal of its order." We find no abuse of discretion, under the facts of the instant case, in the lower court's granting the extension of time within which complaint could be filed against the additional defendant.

On April 10, 1952, Frank Marnell, the additional defendant, filed preliminary objections to the defendant's complaint against him, alleging that said praecipe and complaint were not filed in time, and on June 24, 1952, these objections were sustained by the court and the defendant's complaint against the additional defendant was struck off.

The defendant appeals from this action of the court below.

There is no doubt that the delay of nine and one-half months in filing the complaint against the additional defendant was an unreasonable delay and the lower court would have been justified in refusing to grant the extension asked for by the defendant on March 18, 1952. But once it had acted favorably on the request, it could not justify a reversal of its action three months later when in the meantime *the statute of limitations had expired as to the survival action.*

That judges being human can err is but a routine observation but a litigant should not suffer because a judge changes his mind, with no new facts before him, and disadvantages have in the meantime accrued against the litigant. The court knew when the defendant made his application for an extension of time on March 18, 1952, that he was already eight months be-

yond the sixty days allowed by Rule 2253. Had the court refused the request for extension when initially presented, it may well be that the defendant could have asserted further valid reasons in support of his request, or it could be that the plaintiff would have proceeded against the party sought to be named as additional defendant. The court by its order of March 18, 1952, lulled the attorney for the original defendant into a sense of security which the court could not nullify without evidence of misrepresentation or fraud of some kind, none of which has been asserted by anybody in the case. If litigants and their counsel cannot depend on the absolute reliability of court pronouncements, on what are they to depend?

A lawyer obtaining a court order authorizing a certain procedure has the right to assume that the judge did not add thereto, with invisible ink, a revocation thereof which will not become legible until after the lawyer's opportunity to proceed in an alternative manner has been destroyed by the intervention of a fatal statute of limitations.

The Judgment entered below is reversed, the complaint against the additional defendant is reinstated, and the record is remitted with a procedendo.