Coppage *v.* Smith (et al., Appellant).

Argued March 14, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Jesse P. Long,* for appellant.

*Walter E. Morris,* with him *Edwin L. Snyder, Jr.,* for appellees.

OPINION BY MR. JUSTICE JONES, April 18, 1955:

The plaintiffs, Raymond D. Coppage and Ruth A. Coppage, his wife, and Raymond D. Coppage, in his own right and as guardian of their three minor children, filed their complaint in trespass in the court below against the defendants, Smith and Bennett, seeking to recover damages for personal injuries sustained in an automobile accident. The complaint was served on both of the defendants on December 21, 1953, the day it was filed.

On February 15, 1954, the defendants petitioned the court for a severance of Raymond D. Coppage's personal claim from those of the other plaintiffs in order

that the defendants might join him as an additional defendant in the action of the other plaintiffs. The defendants also asked for an extension of time to allow them a reasonable period from the date of such severance within which to file their praecipe for a writ to join Raymond D. Coppage as an additional defendant. On the same day, February 15, 1954, service of a copy of the petition was accepted and issuance of a rule thereon was waived by the plaintiffs' attorneys. However, the court did forthwith grant a rule on the plaintiffs to show cause why the claim of Raymond D. Coppage as plaintiff should not be severed from the claims of the other plaintiffs, the court's order further providing that, upon the granting of the prayer of the petition, the defendants should have thirty days within which to file their praecipe for a writ joining Raymond D. Coppage as an additional defendant. The order made the rule returnable March 22, 1954, and also directed that all proceedings be stayed in the meantime. On the return day, the court entered an order making the rule absolute and directing that the claim of Raymond D. Coppage be severed from the claims of the other plaintiffs.

Within the thirty-day extension allowed by the court (viz., on April 12, 1954), the defendants filed their praecipe for a writ to join as additional defendants Raymond D. Coppage and Greenville Lumber and Supply Company, the latter being Coppage's employer. On the same day, the defendants filed their complaint against the additional defendants, alleging therein that the injuries in suit were the result of negligence on the part of Coppage alone while driving one of the automobiles involved in the accident as an employee of the Greenville Lumber and Supply Company and in the course of the employer's business. The Lumber Company filed preliminary objections to the joinder and

moved to have the writ to join it as an additional defendant as well as the complaint filed against it stricken off and the action dismissed as to it for want of jurisdiction and for noncompliance with the Pennsylvania Rules of Civil Procedure in that the praecipe for the writ was not filed until more than sixty days after the service of the complaint upon the original defendants (in violation of Pa. R. C. P. 2253) and the filing of the praecipe for the joinder had not been allowed by the court as to Greenville Lumber and Supply Company for cause shown.

After argument, the learned court below, being "of the opinion that in the interest of right and justice the Greenville Lumber and Supply Company must be brought into the case as an additional defendant", entered an order overruling the Lumber Company's preliminary objections and directing that the case be proceeded with on the merits according to law. From that order, the Lumber Company brought this appeal. Subsequently, the court below, in obedience to our Rule 43, filed an opinion in support of its action.

Simply stated, the Lumber Company contends that, inasmuch as the original defendants did not specifically name it as a prospective additional defendant in their petition to sever Coppage's claim as plaintiff in order to bring him in as an additional defendant, such failure constituted a waiver by the original defendants which barred them from later bringing in the Lumber Company as an additional defendant. There is no reasonable basis for this contention.

Rule 2253 of our Rules of Civil Procedure, which prescribes the time within which an original defendant may file a praecipe for a writ to join an additional defendant, expressly permits such filing after the time prescribed by the Rule (viz., sixty days) has elapsed where the filing is allowed by the court upon cause

shown. When, therefore, the court allows the joinder of an additional defendant after the sixty-day period has expired, it is to be presumed, in the absence of anything appearing to the contrary, that the court, in so acting, was motivated by just cause. Such was the situation in the instant case as is plainly evidenced in the opinion filed by the court below wherein it stated that ". . . on the basis of the allegations contained in the various pleadings filed in this case (particularly, original defendants' Complaint alleging the accident was caused by the sole negligence of Coppage), the relationships existing between some of the parties (husband and wife, parent and child, employer and employee), we believe it is the Court's duty to direct the joinder of the Lumber Company at this time in order to obviate any possibility of delay in the ultimate determination of the issues. It will avoid a multiplicity of suits, and (as it should be), compel every interested party to appear and have adjudicated conflicting rights in a single action."

Nor is it of any moment that the court did not give its reasons for allowing the joinder of the Lumber Company until after it had disposed of the Lumber Company's preliminary objections to its joinder. Pa. R. C. P. 2232 (c) provides that "At any stage of an action, the court may order the joinder of any additional person who could have joined or who could have been joined in the action and may stay all proceedings until such person has been joined."

The learned court below pertinently observed that "Our modern procedure, as exemplified by the Rules of Civil Procedure, and particularly those governing the joinder of additional defendants, is to the effect that such Rules should be interpreted liberally to accomplish their purpose, which is to further simplify and expedite the disposition of matters involving nu-

merous parties with divergent interests." In *McKay v. Beatty,* 348 Pa. 286-287, 35 A. 2d 264, speaking by our present Chief Justice, we said,—"Procedural rules are not ends in themselves but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives. It is for this reason that Pa. R. C. P. No. 126 (332 Pa. lxvii) provides: 'The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.'" The foregoing was quoted with approval in *Fisher v. Hill,* 368 Pa. 53, 56-57, 81 A. 2d 860. Indeed, a lower court will not be reversed either for waiving or refusing to waive noncompliance with procedural rules in the absence of a showing of an abuse of discretion which has caused manifest and palpable injury to the complaining party: see *Richter v. Mozenter,* 356 Pa. 650, 654, 53 A. 2d 76.

The learned court acted properly in permitting the ioinder of the appellant as an additional defendant.

Order affirmed at appellant's costs.