## Palitti v. Medwid

*Samuel L. Goldstein* of *Goldstein, Balzarini & Walsh*, for plaintiff

*James F. Manley* of *Burns & Manley*, for defendant.

*Howard K. Hilner* of *Challener & Hilner*, for additional defendants.

*David W. Craig, City Solicitor* and *Marcus Aaron, 2d, Assistant City Solicitor*, for additional defendant.

ALDISERT, J., May 21, 1964.—This matter is before the court upon the petition of the City of Pittsburgh to strike the writ and complaint joining the city as an additional defendant, and to vacate the previous order of this court allowing the joinder.

On February 1, 1962, the wife plaintiff was allegedly injured when the bus in which she was riding was struck by an auto driven by Michael Medwid. Suit was entered on January 3, 1963, against Medwid.

The original defendant issued a summons to join additional defendants Quaker State Coca-Cola Bottling Company and Charles Hickler on February 26, 1963, alleging that the accident was wholly or in part caused by the negligence of the additional defendants.

On January 24, 1964, counsel for the additional defendants, with the consent of plaintiffs' counsel in an ex parte proceeding, obtained an order of court granting leave to join the City of Pittsburgh as an additional defendant. No notice of this joinder was received by the city until February 11, 1964, when it was served with a writ issued on February 1, 1964.

The city's argument that the joinder was improper rests upon two grounds: failure to comply with the joinder requirements of Rule 2253 of the Rules of Civil Procedure, and failure to give notice to the municipality in violation of the requirements of 53 PS §5301.

Rule 2253 provides:

"Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

It is well settled that when a rule provides for an extension "upon cause shown," the court is without the power to make such an extension as a matter of course: Christman v. Chadderton, 55 D. & C. 325 (1945).

Although the rules do not set forth any standards by which just cause is to be established, the pretrial court in exercising its sound direction in determining whether such cause exists, should inquire basically if there was proper justification for the belated joining of an additional defendant. Further, it would seem that where the court is called upon to exercise its discretion, it should not be, strictly speaking, an ex parte proceeding. The additional defendant, if not given an opportunity to be heard at the time the discretion is to be exercised by the court, should at least be given an opportunity to have the decision of the pretrial judge previously made in an ex parte fashion, properly reconsidered. It would be incumbent upon such additional defendant to make such application for review by the pretrial court without delay. In this instance, the city has moved with reasonable promptness to have the matter reconsidered.

When such an extension to permit joinder is granted, a presumption naturally arises that the court did so upon valid cause having been shown. See Coppage v. Smith, 381 Pa. 400 (1955).

In Marnell v. Cross, 372 Pa. 82 (1952), the Supreme Court considered the problem of a trial court reconsidering and denying an extension for joinder which it had previously allowed. The facts of that case were as follows:

On April 15, 1950, a car driven by Frank Marnell was involved in an accident which resulted in the death of the passenger, Michael Marnell. On May 7, 1951, a survival action was brought against Cross, the driver of the other auto involved. On March 18, 1952, Cross

petitioned for and was granted an extension of time under Rule 2253 to permit joinder of Frank Marnell as an additional defendant, and a complaint was filed. Preliminary objections alleging that the complaint was not filed in time were filed on April 10, 1952, and on June 24, 1952, the objections were sustained and the complaint against Frank Marnell was stricken off.

The Supreme Court reversed and reinstated the complaint against the additional defendant, supporting its decision with the following language:

"There is no doubt that the delay of nine and one-half months in filing the complaint against the additional defendant was an unreasonable delay and the lower court would have been justified in refusing to grant the extension asked for by the defendant on March 18, 1952. But once it had acted favorably on the request, it could not justify a reversal of its action three months later when in the meantime *the statute of limitations had expired as to the survival action.*

"That judges being human can err is but a routine observation but a litigant should not suffer because a judge changes his mind, with no new facts before him, and disadvantages have in the meantime accrued against the litigant. . . . The court by its order of March 18, 1952, lulled the attorney for the original defendant into a sense of security which the court could not nullify without evidence of misrepresentation or fraud of some kind, none of which has been asserted by anybody in the case."

In Scioscia v. Laughlin, 109 Pitts. L.J. 207 (1961), a case involved with damage to real property allegedly caused by a broken water line, this court, speaking through the Honorable Robert van der Voort, permitted the late joinder of a corporate defendant to stand, noting that "no substantial rights will be affected by allowing the joinder of the additional defendant at this time." The request for the reversal of this

joinder was denied, for such reversal would have been "contrary to the spirit of Marnell v. Cross."

What is this "spirit" of Marnell v. Cross?

It is not, as the additional defendant here urges, an inflexible mandate that absolutely forbids a court to review and reconsider an order, once granted, permitting joinder under Rule 2253. Rather, it is a sensible and well considered safeguard, designed to prevent a trial court from unconsciously and inadvertently prejudicing the rights of a litigant. From the language of the Supreme Court quoted above, it is evident that the granting of the extension before the statute of limitations had run on a possible survival action, and then the denial of it after the running of the statute had barred any such action, acted to prejudice the rights of both the original defendant and plaintiff.

Thus the harsh restrictions of Marnell v. Cross must be limited to those factual situations where there has been the running of a statute of limitations subsequent to the pretrial court's decision, or there would be present some other factor basically and fundamentally enuring to the detriment of the original defendant other than the mere failure to have the proposed additional defendant as a party to this particular lawsuit.

Superficially then, this doctrine would seem to control the instant case, because the statute of limitations expired February 1, 1964, eight days after the date of the court's order, January 24, 1964.

There is another fundamental principle of law, however, which differentiates the within case from the general rule: the Act of July 1, 1937, P. L. 2547, 53 PS §5301 requiring a notice of claim against a municipality to be filed six months from the date of origin of the claim or within six months from the date of the negligence complained of.

With respect to defendants, it has been held that the six months period begins to run from the date de-

fendant knew of the suit. In this case the original defendant was served on January 7, 1963. We hold that he was eligible to bring in the City of Pittsburgh as an additional defendant up until July 7, 1963.

The additional defendants, Quaker State Coca-Cola Bottling Company and Charles Hickler, were served on March 19, 1963, and March 8, 1963, respectively. Their periods of eligibility to bring in the municipality expired September 19, 1963, and September 8, 1963, respectively.

In McColligan v. Gaffney, 75 D. & C. 601, Judge, now Mr. Justice, Eagen observed:

"Obviously, his claim (original defendant) did not originate with the happening of the accident to the plaintiff . . . he did not fall or sustain injury, nor did he have notice of any claim against him until [plaintiff's] complaint was filed. His claim against the city, if any, must be based upon the action brought against him and *we believe that the date of origin of his cause of action against the city was the date upon which the complaint was served upon him. . . .*" (Italics supplied.)

Therefore, we hold that since the six-month period conferring eligibility to bring in a municipality as additional defendant expired in September, 1963,* four months prior to the filing of the petition by the defendants, the restrictions of Marnell v. Cross do not apply to this case.

We now shall review the petition to bring in the proposed additional defendant. In passing upon petitions for the extension of time to bring in additional defendants, this pretrial court is guided by the purpose and spirit of the Pennsylvania Rules of Civil Procedure. Applications for extension of time will be

---

* It would seem that the proper standard would be six months after the original defendant had notice of the claim or six months after the service of the complaint, whatever is the earlier date.

allowed only "upon cause shown" and not as of course. See our unreported case of McCann v. Dunn, July term, 1962, no. 3587, February 4, 1964, for a review of reasons assigned for failure to act within the 60-day period which were held not to be sufficient cause to grant an extension under Rule 2253.

The alleged liability of the City of Pittsburgh is based on the allegation that the municipality knew or should have known that ice would accumulate on Carson Street and a certain ramp located near the West End Bridge.

In their petition asking leave to join the city the petitioners aver: ". . . the Original Defendant has been attempting to ascertain the identity of the party responsible for the formation of the ice, along with the Additional Defendant, both of whom have conducted diligent investigations in an effort to ascertain the same."

Upon reflection this court must conclude that this averment is simply absurd. The responsibility for maintenance of this street would be limited to the city, the county, or the Commonwealth. The only decision facing defendants was to decide which of two possible municipal authorities should be sued, assuming the Commonwealth could not be sued without its permission.

It is a well known fact, subject to judicial notice, that West Carson Street is a State highway. It is clearly posted as such and would be visible to any fairly competent investigator acting on behalf of any party. In this area, the Legislative Routes are No. 76 and No. 257, established by Act No. 262, approved June 22, 1931, and Legislative Route No. 247, established by Act No. 246, approved June 3, 1933.

Responsibility for snow removal is clearly set forth in the Act of June 1, 1945, P. L. 1242, art. V, sec. 542, 36 PS §670-542.

Petitioners had a limited number of possibilities to consider. They failed to act with reasonable promptness. We hold that defendants failed to conduct any "diligent investigation" within the six-month permissive time available.

From the standpoint of prejudice, the facts show that it is the proposed additional defendant City of Pittsburgh that is in great danger of being prejudiced. It was not informed that it had been joined until more than two years after the accident had occurred. Depositions have been taken to which the city was not a party. To now require it to begin its investigation and prepare a proper defense on a snow and ice case is to cast a difficult, if not impossible, task upon it.

The petitioners argue that the city had actual notice of the happening of the accident because an accident report was made by a Pittsburgh police officer and filed in the police records room. Close examination of this report would indicate that the road surface condition was "snowy or icy." From this additional defendants urge that the city should be charged with knowledge of an impending claim against it.

It is true that where the municipality has *actual* notice of the accident soon after it occurs, failure to give formal notice may be waived: Zack v. Saxonburg Borough, 386 Pa. 463 (1956); Mummert v. Besic, 15 D. & C. 2d 752 (1958). This holding is logical, for the purpose of the statute is to protect municipalities from the need to defend against stale or fraudulent claims. Thus, where the municipality is aware that some event has occurred and that there is more than slight chance that the possible negligence of the municipality might be an issue, it can pursue its investigation so as to be prepared for the possibility of suit.

Actual notice may occur in a variety of ways. Not surprisingly, however, research has failed to disclose a single Pennsylvania case where the mere filing of a

police accident report concerning private motorists has been deemed to put the municipality on notice of the possibility of a suit against it.

In Gallagher v. Swiderski, 45 Erie 67 (1963), in an opinion written by Judge Burton S. Laub, the fact that the township chief of police was present at the scene of the accident, that he aided in the subsequent investigation and criminal prosecution, and that the supervisors received a monthly accident report, was held not sufficient to have placed the township on notice so as to waive the necessity of the requirement of formal notice. Clearly, in the present case, the City of Pittsburgh cannot be said to have received actual notice.

For the reasons presented, it is obvious that the extension of time to join City of Pittsburgh as an additional defendant should not have been permitted.

That it was allowed and that this proceeding was necessary to strike the complaint against the city points out the dangers inherent in the granting of ex parte motions for the joinder of additional defendants. Unfortunately, these motions are often granted without the advantage of an appearance of the proposed additional defendant, and the court thereby fails to exercise sufficient scrutiny of the issues that may exist. When this occurs, review may become necessary in order to protect the rights of the parties in the interest of justice.

### Order of Court

And now, to wit, May 21, 1964, it is ordered, adjudged and decreed that the order heretofore entered on January 24, 1964, is vacated, and the motion is granted to strike the complaint and writ purportedly to join City of Pittsburgh as an additional defendant in these proceedings.