## Zakian v. Liljestrand

*Joel Friedman*, for plaintiffs.

*Robert B. Surrick* and *William C. Beatty*, for defendants.

*Stephen J. McEwen*, for additional defendant.

LIPPINCOTT, J., July 28, 1969.—This matter involves plaintiffs' preliminary objections to the unauthorized, *ex parte* joinder by defendants Liljestrand (herein referred to as "defendants") of an additional defendant and said defendants' belated petition seeking leave *nunc pro tunc* to permit such joinder. The state of the record leaves much to be desired since a number of factual allegations contained in the petition and new matter are disputed.

The minor plaintiff was injured while a passenger in an automobile operated by Sandberg, which became involved in an accident with defendants' vehicle on October 23, 1965. A complaint in trespass filed January 23, 1967, was served on defendants on June 24, 1967. Appearances were thereafter entered for defendants, interrogatories propounded by them and answered, but no action otherwise taken since the de-

fendant operator had entered military service in 1966. He was discharged in June 1968, and depositions were thereupon taken on August 22 and October 8, 1968.

On October 10, 1968, without seeking prior leave of court, as required by Pennsylvania Rule of Civil Procedure 2253, and without notice to opposing counsel, defendants peremptorily issued a writ to join Ralph Spieglemann, the alleged driver of a third vehicle, as an additional defendant. Service was made on Spieglemann on October 23, 1968, and an appearance entered by counsel on his behalf on November 15, 1968. Plaintiffs, however, were not advised and had no knowledge of such attempted joinder until March 31, 1969, when a complaint was filed against additional defendant.

Preliminary objections to the joinder of additional defendant were thereupon filed by plaintiffs and the matter listed for the June argument court. On the day of argument, a petition seeking leave to join the additional defendant *nunc pro tunc* and an answer raising new matter were filed and the entire matter, after argument, is now before the court en banc for decision.

Pennsylvania Rule of Civil Procedure 2253 provides as follows:

"Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

Assuming that the petition *nunc pro tunc* is intended to date back to October 10, 1968, the date when defendants summarily issued the praecipe to join the additional defendant, the extension thus

sought is for a period of 15½ months after defendants were served. It is clear that such extension is a matter within the discretion of the court: Marnell v. Cross, 372 Pa. 82, 92 A. 2d 688 (1952). Also, the extension will only be allowed under Pa. R. C. P. 2253 upon just cause shown: Coppage v. Smith, 381 Pa. 400, 113 A. 2d 247 (1955); Robison v. Conway, 40 Westmoreland 65 (1958), and if there is no prejudice or injury to the other party: Stolz v. Carroll, 27 D. & C. 2d 650 (1962); Lambert v. Webb Manufacturing Company, 77 D. & C. 363 (1951).

We do not feel that defendants have shown just cause. The reasons given for failure timely to join the additional defendant are that his counsel first learned on October 8, 1968, when defendant operator was deposed, that his client "would, *under oath,* testify that the Additional Defendant's car cut in front of the Defendant's vehicle" and that prior to that time "Counsel for Defendants, in reviewing the investigative material provided him, concluded that there was no basis for considering the joinder."

Nowhere does defendants' counsel state that he lacked knowledge of the involvement of the proposed additional defendant prior to the time within which joinder could have been completed under the rules. As a matter of fact, plaintiff avers in new matter that "though Defendants' counsel was aware of the circumstances and alleged participation of Ralph Spieglemann, he chose to disbelieve his own client. . ." Since that allegation is inadequately denied, we accept it and find that it is also supported by other evidence.

For example, the record shows that defendants' counsel had actual knowledge even prior to institution of this suit of the proposed additional defendant's identification through companion actions in which defendants' counsel participated. Thus, on October 5, 1966, defendant operator himself furnished the

name of Ralph Spieglemann in an affidavit as a party known to have information concerning the accident. And in a deposition of another defendant on November 23, 1966, defendants' counsel elicited information that a third car was involved. Certainly diligence in investigating would have produced sufficient information prior to the expiration of the 60 day limitation to determine whether the additional defendant should be joined.

We note also that defendant operator was discharged from the military service in June 1968, according to the petition. However, the praecipe to join the additional defendant was not issued until four months thereafter. Defendants' counsel had ample opportunity to confer with his client during this period (and prior thereto, since the record indicates that he communicated with him during the period of his military service) and gives no excuse for his failure to do so except that he wanted to be sure his client would testify "under oath" as to the basis for joining additional defendant.

It would thus appear that defendants' counsel either failed to investigate the case thoroughly by questioning witnesses known to him or else erroneously concluded (perhaps based on a disbelief of his own client) that there was an insufficient basis for joining additional defendant. Neither reason is sufficient legally. See Pillegi v. Jackson, 39 D. & C. 2d 427 (1966); Robison v. Conway, supra; Millili v. Alan Wood Steel Co., 82 Montg. 133 (1963); Schill v. Mueller, 49 Westmoreland 107 (1967). Therefore, as was stated under similar circumstances in Watt v. Wright, 42 D. & C. 2d 353 (1967): "Since no cause was shown us, not even the courtesy of an application having preceded the peremptory joinder, we can hardly be wrong in withholding our approval now."

Plaintiff would also be prejudiced if the time for

joinder were extended at this late hour. The case has been listed for pretrial conference since March 4, 1969. Even though the additional defendant has been joined *de facto*, he was not a party to prior discovery proceedings and there would be nothing to prevent him from initiating further such proceedings, which would delay the trial.* The purpose of the 60 day limitation is for the protection of plaintiff against continued delays: Brown v. Huber, 35 Del. Co. 485 (1948); Koppel v. Engle, 52 Luz. 130 (1962). Harm would also result to plaintiffs since the statute of limitations has long since expired with respect to their claim against the additional defendant. See Haverstein v. Robinson, 19 D. & C. 2d 258 (1959); Stolz v. Carroll, supra.

No harm will result to defendants since they can enforce whatever substantive rights they may have in a separate action: 4A Anderson Pa. Civ. Pract. §2253.15. While we favor avoiding duplicity of actions, certainly not to the extent of ignoring without cause the plain mandate of the rules, thereby imposing an injustice on a litigant: Millili v. Alan Wood Steel Co., supra; Mercer Gas Light & Fuel Co. v. Stiger, 18 D. & C. 2d 361 (1950).

For these reasons, we enter the following:

## ORDER

Now, July 28, 1969, following argument before the court en banc, it is ordered and decreed that:

1. Plaintiffs' preliminary objections to defendants' complaint against the additional defendant are sustained and said complaint is stricken.

2. Defendants' petition to allow joinder of the proposed additional defendant is refused.

---

*Plaintiffs' counsel indicates that the pretrial conference previously scheduled was continued for this reason.

3. Ralph Spieglemann, additional defendant, is dropped as a party to this action and the caption amended accordingly.

4. The court administrator is directed to schedule a pretrial conference as soon as feasible so that the case may be listed for trial during the next term of civil court.