## Topper, Admx., v. Arway, Inc.

*Donald E. Matusow*, for plaintiff.
*Daniel I. Murphy*, for defendant.

HIRSH, J., October 8, 1971.—This matter is before the court on defendant, Arway, Inc.'s, petition for leave

to join additional defendant. The cause of action arose on December 22, 1969, when a motor vehicle accident occurred wherein Stephen J. Topper and William Coolen were both killed. Topper was a passenger in the automobile of Coolen, which collided with a tank truck owned by defendant, Arway, Inc. Catherine B. Topper, Administratrix of the Estate of Stephen J. Topper, deceased, filed suit against Arway, Inc., on June 12, 1970, and the complaint was served on defendant on June 19, 1970. No attempt was made by defendant to join the Estate of William Coolen, deceased, as an additional defendant until June 22, 1971, when the instant petition was filed, a period of slightly more than one year after service of the complaint upon defendant. The cause alleged by petitioner for failure to join additional defendant within 60 days is "clerical oversight." Rule 2253 provides:

"Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

Whether there is "cause shown" for the allowance of an extension of time for defendant to file a praecipe joining an additional defendant is a matter within the discretion of the lower court: Marnell v. Cross, 372 Pa. 82, 92 A. 2d 688 (1952). This decision will not be reversed unless an abuse of discretion has been shown: Marnell v. Cross, supra.

In Zakian v. Liljestrand, 438 Pa. 249 (1970), Mr. Justice Eagen, speaking for the court, said:

"The rule does not specify what is sufficient cause for an extension nor does it delineate the factors that

the court should take into consideration when deliberating upon such a petition for extension. The court, therefore, should be guided by the objectives sought to be achieved by use of the additional defendant procedure in conjunction with the purpose for which a 60-day limitation was placed on its unrestricted use. In a capsule, these rules are an attempt to provide a means to simplify and expedite the disposition of matters involving numerous parties *(Coppage v. Smith,* 381 Pa. 400, 113 A.2d 247 (1955)) without subjecting the original plaintiff to unreasonable delay in the prosecution of his portion of the litigation." (at 255-256).

Considering these principles we conclude that defendant has not alleged nor established cause as required by Rule 2253 and we further conclude that a joinder of an additional defendant at this late date would subject the original plaintiff to unreasonable delay in the prosecution of this litigation.

Accordingly, it is therefore ordered that the rule is discharged and the petition for leave to join additional defendant is denied.