## Detro v. Motor Freight Express

*Bruce Baron,* for plaintiff.

*John J. O'Brien,* for defendant.

*John F. McElvenny,* for additional defendant.

HIRSH, J., December 2, 1971.—This matter is before the court on defendant's petition to vacate the order of court sustaining preliminary objections of additional defendant to defendant's complaint. Plaintiffs filed a complaint in trespass on December 23, 1969, seeking

damages to wife-plaintiff for injuries sustained on July 1, 1969. On December 18, 1970, defendant filed a petition to join additional defendant nunc pro tunc. On December 23, 1970, this court granted the petition, without prejudice to the rights of the proposed additional defendant. On February 19, 1971, defendant filed a complaint against the additional defendant. On March 25, 1971, additional defendant filed preliminary objections to defendant's complaint. The attempted joinder in this case was not undertaken until more than one year had elapsed from the date when plaintiffs' complaint was served upon original defendant.

The cause alleged by defendant for the late joinder is that on November 18, 1970, in oral discovery of wife-plaintiff, it was learned that she did not have a safe and accessible means of entering upon and walking to her place of employment on the premises of the proposed additional defendant. Plaintiffs' complaint discloses that defendant was present at the scene of the injuries by reason of its servant, agent, or employe. Defendant had notice and knowledge of the situation and condition of additional defendant's premises by reason of the presence of its own agent, servant or employee.

Rule 2253 provides:

"Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

Whether there is "cause shown" for the allowance of an extension of time for defendant to file a praecipe

joining an additional defendant is a matter within the discretion of the lower court, Marnell v. Cross, 372 Pa. 82, 92 A. 2d 688 (1952). This decision will not be reversed unless an abuse of discretion has been shown: Marnell v. Cross, supra.

In Zakian v. Liljestrand, 438 Pa. 249 (1970), Mr. Justice Eagen, speaking for the court, said:

"The rule does not specify what is sufficient cause for an extension nor does it delineate the factors that the court should take into consideration when deliberating upon such a petition for extension. The court, therefore, should be guided by the objectives sought to be achieved by use of the additional defendant procedure in conjunction with the purpose for which a 60-day limitation was placed on its unrestricted use. In a capsule, these rules are an attempt to provide a means to simplify and expedite the disposition of matters involving numerous parties (Coppage v. Smith, 381 Pa. 400, 113 A.2d 247 (1955)) without subjecting the original plaintiff to unreasonable delay in the prosecution of his portion of the litigation": Pages 255-56.

Thus, on June 25, 1971, this court ordered that the preliminary objections of additional defendant were sustained and defendant's complaint was dismissed.

Considering the aforementioned principles we conclude that defendant has not alleged nor established cause as required by Rule 2253.

Upon reconsideration of the entire matter, we find no reason to vacate the original order.

Accordingly, it is therefore ordered that petition to vacate order of court sustaining preliminary objections of additional defendants to defendant's complaint is denied.