**Thomas v. Hockensmith Corporation**

*Scales & Shaw,* for plaintiff.

*Stewart, Belden, Sensenich & Herrington,* for original defendant.

*Robinson, Fisher & Long,* for additional defendant.

KEIM, J., June 9, 1972.—These cases come before the court en banc for consideration of preliminary objections to strike the joinder of an additional defendant, and also a petition raising the question of jurisdiction.

The above cases arise from an accident that occurred in Michigan on November 25, 1963. The accident involved but one vehicle, a tractor trailer owned by Dunn Brothers and operated by William M. Thomas. Allegedly, some mechanical work had been

performed on the trailer by Hockensmith Corporation involving a part purchased from Ole Granning Trailer Service, Inc. It is alleged that the accident was caused by a defective part and defective repair or installation.

A summons was issued November 23, 1965, by William M. Thomas at October term, 1965, no. 586, in which Ole Granning was named as a defendant. Service of the summons was returned "Not Found" as to Ole Granning. The complaint was filed on June 23, 1966, and no further effort was ever made to serve Ole Granning and the case even appeared on the trial list on several occasions beginning January term, 1968. Depositions were taken and various pleadings filed by the several parties. On October 25, 1970, Ole Granning Trailer Service, Inc., was served as an additional defendant by service on the Secretary of the Commonwealth pursuant to an ex parte order of court based on an amendment to Pa. Rule of Civil Procedure 2252. The amendment, however, was effective September 1, 1969, so that the petition for joinder was presented four years and three and one-half months after the complaint was filed and one year and one month after the effective date of the Pa. R. C. P. amendment.

The companion suit of Dunn Brothers was instituted at October term, 1969, no. 652, by summons filed November 24, 1969. Ole Granning was also named as a defendant and a return of "Not Found" was made as to this party with the complaint being filed February 18, 1970. Again Ole Granning was joined as an additional defendant by complaint filed October 23, 1970, pursuant to the ex parte order above referred to. This joinder, therefore, was eight months after the complaint was filed.

Ole Granning Trailer Service, Inc., is a foreign corporation, contends it does no business in Pennsylva-

nia, has no office in Pennsylvania and accordingly filed preliminary objections in both actions in the nature of a motion to strike the joinder and a petition raising a question of jurisdiction, which preliminary objections are now before the court for arguments.

The court can dispose of the question of jurisdiction inasmuch as defendant Ole Granning Trailer Service, Inc., admits in its brief that the amendment of July 20, 1968, to the Business Corporation Law of May 5, 1933, P. L. 364, sec. 1011, 15 PS §2011(c), greatly broadens the scope of "doing business" to include the shipping of merchandise into the Commonwealth as being sufficient for jurisdiction over the proposed additional defendant.

However, the main question for consideration is whether or not the joinder of Ole Granning Trailer Service, Inc., in both cases can be stricken. Rule 2252 (a) of the Pennsylvania Rules of Civil Procedure states as follows:

"(a) In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person, whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based": As amended June 27, 1969, effective September 1, 1969.

Rule 2253 of the Rules of Civil Procedure states as follows:

"Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant

or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

Goodrich-Amram in its commentary to the above rule sets forth in section 2253-3 as follows:

"The application should be made by petition averring the facts justifying the granting of an extension. The petition must contain: (1) some reasonable justification or excuse for the delay; (2) a statement of the facts alleged to render the proposed additional defendant alone liable, or liable with, or liable over to defendant; and (3) allegations that the late joinder will not be prejudicial to the proposed additional defendant. It should ask for leave to file both the praecipe and the complaint called for by Rule 2252(b)."

In both cases now before the court for consideration, an ex parte petition was filed requesting leave of court authorizing the joinder of Ole Granning Trialer Service as an additional defendant. The reasons set forth in the said petitions are to the effect that petitioner claims that the proposed additional defendant is a necessary party to the action, and that the Rules of Civil Procedure that originally prohibited the joinder of Ole Granning Trailer Service, Inc., have been amended so that the said proposed additional defendant can now be joined. Further, the petitioner, Hockensmith Corporation, alleges in its petition that it will be compelled to institute a separate action to recover its damages, all of which will needlessly protract the litigation that could be conducted by permitting this joinder. There is also a general allegation of no prejudice to the proposed additional defendant.

The petitions failed to set forth that the petitions

were presented 13 months after the effective date of the rules and 15 months after its enactment. The petitions did not make the court aware of the nature of the lateness of the attempted joinder.

As a general principle, this court is inclined to give a liberal interpretation to rules and time limitations so that the ends of justice may be met. However, in the case at bar, there is involved a 1965 law suit, and a 1969 law suit in which the rights of not only the original defendant must be considered, but the rights of plaintiff in both law suits. As the Supreme Court said in the case of Zakian v. Liljestrand, et al., 438 Pa. 249, at page 256:

"In a capsule, these rules are an attempt to provide a means to simplify and expedite the disposition of matters involving numerous parties (Coppage v. Smith, 381 Pa. 400, 113 A. 2d 247 (1955) without subjecting the original plaintiff to unreasonable delay in the prosecution of his portion of the litigation."

At page 258 of Zakian case, the Supreme Court entered into a discussion of the conflicting policy reasons both for and against the granting of extension of time to the joinder of additional defendant, wherein it stated as follows:

"Of course, if joinder were permitted, a separate trial may be prevented with consequent saving of time and expense, aviodance of multiplicity of suits and prevention of inconsistent verdicts by different juries: Swabb Equipment Co. v. Westchester Fire Ins. Co., 51 Luzerne L. R. 39 (1960). Yet, such joinder may also result in a delay in the trial, because the proposed additional defendant has not participated in discovery proceedings. The plaintiffs' litigation against original defendants has already been substantially delayed by Alan Liljestrand's induction into the armed services,

and at least one pre-trial conference has already been postponed. We therefore hold that it was not an abuse of discretion for the court to have concluded that the trial of plaintiffs' cause may be delayed by permission of late joinder and such a delay was not justified on the basis of the 'cause' alleged by defendant Alan Liljestrand. Before the defendant can ask the court to help him secure a just, speedy and inexpensive determination of the suit by permitting late joinder, he must have acted expeditiously himself: Swabb Equipment Co. v. Westchester Fire Ins. Co., supra."

Applying the above principle to the cases at bar, we feel that plaintiffs in both cases have had their actions delayed long enough and that the matter should be brought up for trial as soon as possible. There was no sufficient reason set forth in the ex parte petitions to justify the late joinder of Ole Granning Trailer Service, Inc., as additional defendant. Further, we find there is prejudice to Old Granning Trailer Service, Inc., because of the completion over the years that these cases have been pending of necessary discovery proceedings. A proposed additional defendant would have the right to re-open all discovery proceedings, thereby causing further delay in these cases.

The court will enter the within order:

## ORDER

And now, June 9, 1972, after due and careful consideration, it is hereby ordered, adjudged and decreed that the joinder of Ole Granning Trailer Service, Inc., as additional defendant in both of the above cases is stricken, and the Ole Granning Trailer Service, Inc., is dismissed as additional defendant in both cases.