Rizzo v. City of Philadelphia

*Barton A. Haines*, for plaintiff.
*Alfeo P. Libetti*, for defendant.

*Francis E. Shields,* for first additional defendant.
*Robert R. Reeder,* for second additional defendant.

## MEMORANDUM OPINION

HIRSH, J., April 2, 1974.—Plaintiff commenced this action by filing a complaint in trespass on July 2, 1969, which was duly served upon defendant on July 3, 1969. Thereafter the parties embarked on an extensive and vigorous period of discovery covering two and one-half years. On March 13, 1973, defendant's petition for extension of time to join Daniel F. Rohrback and Barbara Ann Ranson (first additional defendants) as additional defendants being co-administrators of the estate of Henry Wycix, M.D., deceased, was granted without prejudice to first additional defendants' right to timely object. Pursuant thereto, defendant's complaint was filed; first additional defendants filed preliminary objections; and, this court sustained said preliminary objections striking defendant's complaint and writ of joinder. Similarly, on August 31, 1973, this court granted defendant's petition for extension of time to join St. Luke's and Children's Medical Center (second additional defendant) as additional defendant without prejudice to second additional defendant's right to timely object. Thereafter, defendant filed a complaint and served it upon second additional defendant who, in turn, filed preliminary objections which are presently before this court. Furthermore, this court must also consider defendants' petition for reconsideration of this court's order sustaining first additional defendants' preliminary objections, and defendant's petition to amend its complaint.

Pennsylvania Rule of Civil Procedure 2253 provides that a defendant may join an additional defendant after 60 days if the court permits the joinder of second additional defendant without prejudice to second addi-

tional defendant's right to timely object, which it did. The Pennsylvania Supreme Court has specifically stated that the Rules of Civil Procedure governing joinder should be interpreted liberally to accomplish the purpose of adjudicating in one suit the right and liabilities of the parties to a single transaction without subjecting the original plaintiff to unreasonable delay in the prosecution of his portion of the litigation: Zakian v. Liljestrand, 438 Pa. 249, 264 A. 2d 638 (1970); Coppage v. Smith, 381 Pa. 400, 113 A. 2d 247 (1955); Rau v. Manko, 341 Pa. 17, 17 A. 2d 422 (1941). As a general proposition, the time period for the joinder of an additional defendant should be extended if there is alleged: (1) some reasonable justification or excuse for the delay; (2) facts showing the liability of the proposed additional defendant; (3) that the extension will not cause any undue hardship on the additional defendant: Scureman v. Perkiomen Realty Co., 47 D. & C. 361 (1943); Lambert v. Webb Mfg. Co., 77 D. & C. 363 (1951), quoting Goodrich-Amram.

Although this action was brought for plaintiff's personal injuries resulting from an automobile collision on September 20, 1968, defendant alleges in its complaint that plaintiff, while an inpatient in the facility of second additional defendant suffered a quadraplegic paralysis caused solely by the carelessness, recklessness and negligence of second additional defendant. Clearly, as defendant points out, it was not possible for defendant to join second additional defendant within 60 days after July 2, 1969, if the alleged liability of second additional defendant did not arise until September 28, 1971. However, defendant subpoenaed and received records from second additional defendant as early as June 1972 illustrating the possible liability of second additional defendant. Nevertheless, defendant failed to expeditiously pursue

its investigation, and dilatorily waited until August 31, 1973, 14 months later, to petition this court for an extension of time to join second additional defendant. Before the defendant can ask the court to help him secure a just, speedy and inexpensive determination of the suit by permitting late joinder, he must have acted expeditiously himself: Swabb Equipment Co. v. Westchester Fire Insurance Co., 51 Luz. 39 (1960); Zakian v. Liljestrand, supra. Defendant has not so acted here.

In addition to the foregoing reason, this court believes that the extension of time for the joinder will cause undue hardship on the second additional defendant. Specifically, the treating physician, a critical witness for second additional defendant, who was also subject to an attempted joinder, has since died; the employes of second additional defendant who would be knowledgable about the alleged incidents are now far more difficult to ascertain; second additional defendant has not had the opportunity to participate in the aforesaid extensive discovery. The undue prejudice to second additional defendant together with defendant's failure to reasonably explain the delay in joining compels this court to dismiss the writ of joinder and complaint against second additional defendant.

The second matter for this court's determination is defendant's petition for reconsideration of first additional defendants' preliminary objections. We sustained first additional defendants' preliminary objections for the following reasons: (1) defendant first became aware of the alleged malpractice and plaintiff's worsened condition in April of 1972; (2) additional defendant Doctor Wycix died in June of 1972; (3) defendant's petition for an extension of time to join first additional defendant February 20, 1973, ten

months after learning about the possible liability without explaining the delay; (4) defendant alleged no facts showing the liability of first additional defendant; and (5) the delay would cause undue hardship to first additional defendant.

The whole issue now before this court is whether defendant's petition for reconsideration is barred by operation of the rule of res judicata. It is well established that a judgment on the merits rendered by a court of competent jurisdiction is a bar to any future action between the same parties or their privies on the same cause of action: Burke v. Pittsburgh Limestone Corp., 375 Pa. 390, 100 A. 2d 595 (1953), and Stevenson v. Silverman, 417 Pa. 187, 208 A. 2d 786 (1965). However, should the rule of res judicata be applied to pretrial motions with the same strictness as it is applied to judgments?

Generally a party who has submitted his alleged grievance on motion or rule to a court of competent jurisdiction has had his day in court and cannot be heard again on the same matter in another form. In Nevling v. Commercial Credit Co., 156 Pa. Superior Ct. 31, 39 A. 2d 266 (1944), the court held that proceedings on a petition to open judgment are sufficient for the purposes of res judicata. In that case after an unsuccessful attempt had been made to strike off the judgment, a petition to open the judgment was filed but it was dismissed on res judicata grounds. Similarly, in Dunn v. Orloff, 414 Pa. 636; 201 A. 2d 432 (1964), the Pennsylvania Supreme Court was concerned with one party's attempt to reargue a previous ruling. In Dunn the lower court made absolute defendant's rule to open judgment and 13 months later, plaintiff filed a motion for judgment on the pleadings. In denying plaintiff's motion, the Supreme Court held:

"[plaintiff's motion] is nothing more than an attempt to reargue a previous ruling from which no appeal, although available, had been taken . . . We do not find any question raised by the petition for judgment on the pleadings that could not have been raised for decision on the original motion to open."

Thus, the rule of res judicata is applicable to pretrial motions with the same strictness as it is applied to judgments.

The requirements for the application of this rule are that there be an identity of the parties and an identity of the subject matter in the two actions: Hochman v. Mortgage Finance Corp., 289 Pa. 260, 116 Atl. 252 (1927): Burke v. Pittsburgh Limestone Corp., supra, and Stevenson v. Silverman, supra. Both requirements are clearly present here. Furthermore, and perhaps most importantly, defendant has presented no new issues of fact or law to substantiate its proclaimed need for reconsideration. Since this court thoroughly considered and reviewed the entire record prior to issuing the order of May 23, 1973, and in the absence of any new issues of fact, we feel no compulsion to reconsider our previous ruling.

The final matter for disposition is defendant's petition to amend its answer. Four and one-half years after the filing of the complaint, defendants seek to file an answer and new matter, alleging that at the time of the incident defendant's agent, servant and employee, Highway Patrolman George Edward Anderson (employee) was giving chase to a suspected law violator. Defendant contends that: (1) it had no knowledge of the alleged emergency situation when it answered plaintiff's complaint; and (2) plaintiff will not be prejudiced by such amendment since plaintiff had knowledge of said facts as early as February 11, 1971.

It has long been the law in this Commonwealth that an amendment to the pleadings is a matter of judicial discretion: Yentzer v. Taylor Wine Co., Inc., 409 Pa. 338, 186 A. 2d 396 (1962). It is equally well established that such amendments should be liberally allowed except where surprise or prejudice to the other party will result, or where the amendment is against a positive rule of law. Posternack v. American Casualty Company of Reading, 421 Pa. 21, 218 A. 2d 350 (1966). See, Schaffer v. Larzelere, 410 Pa. 402, 189 A. 2d 267 (1963), and Kilian v. Allegheny Co. Dist., 409 Pa. 344, 185 A. 2d 517 (1962). For the reasons set forth below, this court believes that permitting defendant to amend its answer would be greatly prejudicial to plaintiff, an injustice to plaintiff, and therefore should not be allowed.

Plaintiff filed its complaint on July 2, 1969, and served interrogatories on defendant July 15, 1969. Defendant did not answer the interrogatories until February 11, 1972 when it, for the first time, mentioned the possible emergency situation which it now wishes to allege as an affirmative defense. On April 18, 1972, at the deposition of defendant's employee, plaintiff was again apprised of the possible chase and emergency situation. Nevertheless, defendant waited until January 3, 1974, four and one-half years after the filing of the complaint and three years after defendant should have had, at the latest, knowledge of the possible emergency situation. Defendant acted in a negligent and dilatory manner by not properly investigating the incident and timely alleging its defense in an answer and new matter. Moreover, this court believes that undue surprise will result to plaintiff if defendant is permitted to allege said possible emergency situation as an affirmative defense. By not petitioning this court to amend a reasonable time after

the answering of the aforesaid interrogatories, defendant has effectively lulled plaintiff into believing that the "hint" of a possible defense was of little or no consequence to the present action and could be ignored.

The undue prejudice resulting to plaintiff is clear. Had plaintiff been made aware on February 11, 1971 or April 18, 1972, of any intention on the part of defendant to allege an affirmative defense, plaintiff could have investigated and properly prepared. Defendant did not and now plaintiff finds himself in the unenviable position of having to rely solely on the uncorroborated and unsure testimony of defendant's employee. The only other evidence of the incident, the police log and radio tape, has been destroyed. To further complicate plaintiff's position is defendant's employe's testimony that: (1) he does not know where the chase began; (2) he does not know what stop signs or traffic signals defendant disobeyed; (3) he does not know the speed of plaintiff's automobile; (4) he does not know of any witnesses to the incident; (5) he did not issue any traffic violations; and (6) he did not report a chase in the A.I.D. Report. Although this court recognizes that amendments should be liberally allowed, we are also concerned with the resulting surprise and prejudice to plaintiff here. To permit defendant to wait three years and then allege an uncorroborated, unsubstantiated affirmative defense would be a great injustice to plaintiff and a dangerous precedent.

Accordingly, it is therefore

ORDERED that the preliminary objections of additional defendant are sustained and the complaint of defendant, City of Philadelphia, against additional defendant, is hereby stricken.