## Mellott v. Kline

*Norman T. Petow* and *John Wills Beach*, for plaintiffs.

*Daniel Shoemaker* and *John W. Thompson*, for defendants.

*Donald G. Oyler* and *Ronald J. Hagarman*, for additional defendants.

MacPHAIL, *P. J.*, March 12, 1975—Plaintiffs in each action above-identified sued James J. Kline and Mildred I. Kline in assumpsit and trespass for damages. Plaintiffs alleged in each instance that they had purchased real estate from Mr. and Mrs. Kline and at the time they did so, the Klines asserted that a sewage disposal system installed on the subject real estate was installed in accordance with State and township regulations and in a proper and workmanlike manner. Plaintiffs in their complaints averred that after the real estate was occupied, the sewage disposal system failed to function because of alleged deviations from applicable State and township regulations and by reason of the fact that the installations were not performed in a proper and workmanlike manner. In each case, plaintiffs seek damages from Mr. and Mrs. Kline by reason of this problem.

The complaints in all of the actions were filed July 10, 1973. They were served upon the Klines on July 12, 1973. The Klines answered the complaints on September 16, 1974.

On September 11, 1974, the Klines filed complaints against F & F Construction Company, Berwick Township, Dean Shultz, J. R. Bittinger and Walter Hamm, Jr., seeking to join them as additional defendants. Preliminary objections in the nature of a motion to strike were subsequently filed by all of the proposed additional defendants with the exception of Hamm. The basis of the objection

was that the complaints against additional defendants were filed in violation of Pa.R.C.P. 2253 because they were filed more than 60 days after the service of the complaint upon original defendants. On December 30, 1974, we sustained those objections.

On January 7, 1975, the Klines filed a petition for leave to join the aforementioned parties as additional defendants. We directed that a rule be issued upon the proposed additional defendants to show cause why they should not be joined. The rule was made returnable February 20, 1975, and it was ordered that the matter would be heard on that date. Answers to that petition were filed by the aforementioned parties (with the exception of Hamm and F & F Construction Co.). On February 18th, the Klines filed an amended petition to join additional defendants to which no order was attached nor was any order entered by this court with respect thereto. That amended petition apparently referred specifically to F & F Construction Co., however, and an answer was filed by F & F Construction Co. on February 18th. On February 20th, counsel for the Klines and the proposed additional defendants (with the exception of Hamm) appeared in open court. None of the parties offered testimony with respect to the petition and answers filed thereto. We gave counsel leave to file a memorandum of law within ten days.

Counsel for the Klines sent through the mail to the court, with their memorandum of law, a copy of the original petition filed January 7, 1975. It was explained in an accompanying communication that this was filed to meet an objection that the petition as originally filed had not been verified.

Procedurally, the case is not in good posture but, since we believe it to be in the best interests of

all parties to resolve the issue of whether or not original defendants should be permitted to join additional defendants under the provisions of Pa.R.C.P. 2253, we will proceed to do so. Pa.R.C.P. 2253 provides that an additional defendant cannot be joined more than 60 days after service of the complaint upon original defendant "unless such filing is allowed by the Court upon cause shown."

The Klines argue that their petition should be granted because (a) plaintiffs have not objected and, therefore, additional defendants have no standing to complain, and (b) they have shown justifiable cause for the delay.

In support of their first argument, the Klines cite Dilbeck v. Bar-Van Enterprises, Inc., 55 D. & C. 2d 177 (1971), affirmed per curiam, 221 Pa. Superior Ct. 756 (1972). The holding of that case is that where original plaintiffs *join* in original defendants' request for late joinder, additional defendant has no standing to object. Assuming for the moment that that holding is a correct statement of the law, we note that original plaintiffs here have not joined in the petition, nor in the amended petition. The petition states (paragraph 14): "The plaintiffs would have no objection to the joining of the additional defendants set forth in this amended petition." There is no evidence on the record to show that plaintiffs even have notice of these proceedings, much less that they have joined in them.

Moreover, we have examined Zakian v. Liljestrand, 438 Pa. 249 (1970), and do not find support therein for the holding in the Dilbeck case, supra, that the joinder of plaintiff in the original petition for leave to proceed beyond the 60-day allowance eliminates any consideration of objections thereto by those proposed to be joined. In the commentary to Pa.R.C.P. 2253 in Goodrich-Amram, page 63, the

authors state three requirements which must be averred in a petition for leave to proceed for late joinder. The third requirement is "allegations that the late joinder will not be prejudicial *to the proposed additional defendant*." (Emphasis supplied.) To hold that the mere joinder of plaintiffs in original defendants' petition for late joinder effectively deprives the proposed additional defendant of the right to show prejudice or lack of sufficient "cause" would, in our opinion, defeat the entire purpose of the rule.

As we understand the Zakian case, supra, the Supreme Court said: (1) the matter of whether or not to grant leave to original defendant to proceed with late joinder was in the discretion of the trial court, citing Marnell v. Cross, 372 Pa. 82 (1952); (2) the purpose of the rule was an attempt to simplify and expedite the disposition of matters involving numerous parties without subjecting original plaintiff to unreasonable delay in the prosecution of his claim; and (3) where original defendant attempted to join additional defendants 13½ months after the 60 days expired because he first learned of the possible involvement of additional defendants when taking the deposition of a witness, there is *not* sufficient cause to justify original defendant's delay in joinder proceedings.

Accordingly, we conclude that the Dilbeck case is not controlling in the case now before us and that defendants' first argument must be rejected.

Concerning the "cause" for delay, original defendants state in paragraph 9 of the petition that "active negotiations took place and extensions of time were granted to defendants for the filing of a responsive pleading." In paragraph 5 of the amended petition it is averred that "active negotia-

tions of settlement took place and extensions of time were granted to the defendants for the filing of a responsive pleading by the plaintiffs, which negotiations were unsuccessfully concluded." We can find no other averment in the petition or the amended petition which would explain or set forth a reason to justify our granting the prayer of the petition. It seems almost superfluous to say that the explanations set forth in the paragraphs quoted fall far short of sufficient "cause" for us to permit late joinder.

The delay here is nearly 15 months. There is no explanation that the delay resulted from physical impossibility, lack of awareness of the possible liability of the proposed additional defendants, lack of knowledge of the location or existence of the proposed additional defendants or any of the other matters set forth in the cases cited in the 1974 Supplement to Goodrich-Amram, Standard Pennsylvania Practice, pages 271-73, inclusive. Without further discussion, we conclude that the averments in original defendants' petition and in the amended petition do not constitute sufficient cause for us to permit the late joinder of additional defendants under the provisions of Pa.R.C.P. 2253.

## ORDER

And now, March 12, 1975, the petitions filed in the above-captioned cases for the joinder of additional defendants are, with respect to each proposed additional defendant, and in each case, hereby denied.