## DeJulius v. Corning Glass Works

*Morrie N. Becker*, for plaintiffs.

*Joseph F. Van Horn*, for defendant.

*Joel Paul Fishbein*, for proposed additional defendant.

JAMISON, *J.*, September 29, 1978—Defendant, Corning Glass Works, seeks leave of court to join North American Systems, Inc. as an additional defendant, pursuant to Pa.R.C.P. 2253.

Plaintiff's complaint alleges that on May 7, 1976, the glass carafe of a Mr. Coffee machine suddenly burst, causing plaintiff, Rita DeJulius, to suffer second and third degree burns. Plaintiff had purchased a Mr. Coffee machine some time prior to the accident. Plaintiff sued Corning Glass Works, the manufacturer of the glass carafe, on theories of express and implied warranty, negligence in manufacturing and inspecting the carafe, and strict liability. Corning Glass Works seeks to join the additional defendant, North American Systems, Inc., as the manufacturer of the final product, Mr. Coffee. Defendant alleges that liability, if any, is that of North American Systems, Inc., which substantially changed the glass carafe in assembling the final product, Mr. Coffee.

Plaintiff's complaint was served on defendant, Corning Glass Works, on March 7, 19⁚8. No attempt was made by Corning Glass Works to join an additional defendant within 60 days as specified in Rule 2253, which provides:

"Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original

defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown." However, on May 23, 1978, 18 days after the expiration of the 60 day period,[1] defendant petitioned the court for leave to join North American Systems, Inc. as an additional defendant.

The Pennsylvania Supreme Court has stated that the objective of Rule 2253 is to achieve the goal of adjudicating in one suit the rights and liabilities of the parties to a single transaction without subjecting plaintiff to unreasonable delay in the prosecution of his portion of the litigation: Zakian v. Liljestrand, 438 Pa. 249, 264 A. 2d 638 (1970); Coppage v. Smith, 381 Pa. 400, 113 A. 2d 247 (1955). Rule 2253 does not specify what constitutes sufficient cause for the court to allow late joinder. The question of whether good cause is shown is a matter within the discretion of the trial court.

Defendant argues that in the absence of any showing of prejudice, the Pennsylvania Rules of Civil Procedure should be liberally construed to allow a late joinder. Defendant further urges that the inadvertence of counsel furnishes sufficient excuse for late joinder. In the absence of further explanation for the late joinder, it appears that inadvertence of counsel is the sole cause asserted by defendant. Inadvertence of counsel has been recognized as sufficient cause for leave to join an additional defendant, where plaintiff will not be prejudiced by the delay resulting from the allowance of

---

1. The 60-day period runs from the date of service of plaintiff's complaint, not from the date of filing: Zollinger v. Adams Eidemiller, Inc., 41 Westmoreland 247 (1959).

the petition: Wright v. Toogood, 28 Beaver 99 (1967); McKinney v. Bennett, 23 Lawrence 94 (1966); Ramsey v. Harnett, 2 Mercer 233 (1956). Other earlier decisions have reached a contrary result: Shimer v. Jacoby, 30 Northamp. 326 (1946); Robison v. Conway, 40 Westmoreland 65 (1958); Wood v. Traber, 56 D. & C. 581 (1945).

Plaintiff, Mrs. DeJulius, contends that defendant should be barred from late joinder of an additional defendant because she would be prejudiced by the addition of North American Systems, Inc. since the statute of limitations against the proposed additional defendant expired on May 7, 1978. Plaintiff relies on Voithofer v. Hill, 35 Fayette 101 (1972). There, the request for joinder of an additional defendant was denied where the two-year statute of limitations could have been invoked by the proposed additional defendant as a defense to joinder on a theory of sole liability.

In the instant case, plaintiff alleges four causes of action against Corning Glass Works, two in assumpsit for breach of warranty, one in trespass for negligence and one in strict liability for a defective product. Pennsylvania imposes a two-year statute of limitations for the commencement of a personal injury action, whether sounding in assumpsit or in trespass.[2] Personal injury actions founded on a theory of breach of warranty in the sale of goods must also be filed within two years of the accrual of

2. In pertinent part, Act of June 24, 1895, P.L. 236, 12 P.S. §34, states: "Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case[s] where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards. . . ."

the cause of action,[3] that is, the date of injury: Salvador v. Atlantic Steel Boiler Co., _____ Pa. Superior Ct. _____, 389 A. 2d 1148 (1978).

It may be inferred from defendant's petition to allow the joinder of North American Systems, Inc. as an additional defendant, that defendant will contend, as a defense to the claim of strict liability, that the carafe was substantially changed when it became part of the final unit, a Mr. Coffee. The manufacturer or seller of a product is not liable in strict liability if an otherwise safe product is made unsafe by changes in the product which occurred after he had no control over the product. See Berkebile v. Brantly Helicopter Corp. 462 Pa. 83, 94, 337 A. 2d 893, 898 (1975); Bialek v. Pittsburgh Brewing Co., 430 Pa. 176, 242 A. 2d 231 (1968). See also Restatement, 2d, Torts, §402A(1)(b). Such a defense would not be applicable to plaintiff's claim of Corning's negligent manufacture or inspection of the glass carafe.

Where the statute of limitations prevents a direct suit by plaintiff against additional defendant, the latter should not be joined on the theory that additional defendant is alone liable to plaintiff. See, e.g., Carlin v. Pennsylvania P. & L. Co., 51 Lanc. 391 (1949), aff'd. per curiam, 363 Pa. 543, 70 A. 2d 349 (1950). An additional defendant will be dismissed from an action if original defendant asserts a theory of sole liability of additional defendant if the statute of limitations bars recovery by plaintiff against additional defendant: Harvan v. Colancecco, 65 D. & C. 2d 533 (C. P. Carbon Co. 1974).

---

3. 12A P.S. §2-725.

However, joinder of an additional defendant on a theory of joint liability or liability over to defendant is proper: Callahan v. Plotts, 50 D. & C. 2d 62 (C.P. Mercer Co. 1970); Holtby v. Mason, 41 D. & C. 2d 143 (C.P. Chester Co. 1966). Defendant must allege facts in the complaint which indicate that additional defendant is jointly liable or liable over to original defendant: Zachrel v. Universal Oil Products Co., 355 Pa. 324 (1946). See also 8 Goodrich-Amram §2252(a)-9.

Accordingly, defendant may file a complaint against North American Systems, Inc., stating specifically what theory of liability is relied on and averring sufficient facts from which such liability may be ascertained. Joinder of an additional defendant on a theory of sole liability after the statute of limitations has run would be stricken as improper. Under the circumstances of this case, plaintiff will not be prejudiced by service of a complaint upon a proposed additional defendant where additional defendant may appropriately raise the statute of limitations as a defense to an assertion of sole liability. In addition, no serious delay in the trial of the case is anticipated since the process of discovery has only recently commenced.

## ORDER

And now, September 29, 1978, it is hereby ordered and decreed that defendant, Corning Glass Works, may file a complaint to join North American Systems, Inc., as an additional defendant within 20 days hereof without prejudice to additional defendant's right to timely objections thereto.